STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

_ Valuation of Security        _ Assumption of Executory Contract or Unexpired Lease        _ Lien Avoidance

---

Last revised: September 1, 2018

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re: <u>Michael Bessette</u>                                             Case No.:  19-13683

Debtor(s)                                                                                  Judge:  Sherwood

**Chapter 13 Plan and Motions**

☐ Original                    ☐ Modified/Notice Required

☐ Motions Included            ☑ Modified/No Notice Required        Date:  <u>06/13/2019</u>

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES  ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES  ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULTS IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES  ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: JLM                    Initial Debtor: MB                    Initial Co-Debtor: ___

## Part 1: Payment and Length of Plan

a. The debtor shall pay $997.00 per Month to the Chapter 13 Trustee, starting on August 1, 2019 for the last 55 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

- ☑ Future earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

- ☐ Sale of real property
    - Description: _____
    - Proposed date for completion: _____
- ☐ Refinance of real property:
    - Description: _____
    - Proposed date for completion: _____
- ☐ Loan modification with respect to mortgage encumbering property:
    - Description: _____
    - Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection  ☐ None

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $2,000.00 |
| DOMESTIC SUPPORT OBLIGATION |  | $0.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☑ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
| --- | --- | --- | --- |
|  |  |  |  |

## Part 4: Secured Claims

a. Curing Default and Maintaining Payments on Principal Residence

☐ NONE

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Chase Mtg | 416 Cedar Avenue | $30,500 | 0.00% | $30,500 | $513.44 |
| Township of Paramus | 416 Cedar Avenue | $14,307.13 | 0.00% | $14,307.13 | Ongoing property tax payments |

b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:

☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Santander Consumer USA, Inc. | 2013 Toyota Highlander | $505 | 17.96% | $505.00 | $715.43 |
|  |  |  |  |  |  |

c. Secured claims excluded from 11 U.S.C. 506:

☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid Through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments

☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e. Surrender

☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan**  ☐ NONE
The following secured claims are unaffected by the Plan:
Toyota Motor Credit

**g. Secured Claims to be Paid in Full Through the Plan:** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|

## Part 5: Unsecured Claims
☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☑ Not less than 100.00% percent

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis of Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases
☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions  ☐ NONE

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**
☑

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Schedule Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☐ Upon confirmation

☑ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

  1) Ch. 13 Standing Trustee commissions
  2) Administrative Claims
  3) <mark>Secured Claims</mark>
  4) <mark>Unsecured Claims</mark>

**d. Post-Petition Claims**

The Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: 02/22/2019.

Explain below **why** the plan is being modified:

Plan being modified to cover the claim filed by Borough of Paramus.

Explain below **how** the plan is being modified:

Debtor's Plan payment shall increase to $997.00 in order to cover the arrearage claim filed by Boroughs of Paramus.

Are Schedules I and J being filed simultaneously with this Modified Plan? ☑ Yes  ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☑ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

# Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 06/25/2019                                    /s/ Michael Charles Bessette
                                                    Debtor

 Date:

                                                    Joint Debtor

Date: 06/25/2019                                    /s/ Javier Merino
                                                    Attorney for the Debtor

United States Bankruptcy Court
District of New Jersey

In re:
Michael Charles Bessette
    Debtor

Case No. 19-13683-JKS
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 2    Date Rcvd: Jun 26, 2019
                       Form ID: pdf901    Total Noticed: 39

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 28, 2019.
```
db              +Michael Charles Bessette,    416 Cedar Avenue,    Paramus, NJ 07652-5708
518043958       +Aronow Law, PC,    20 Crossways Park Drive N,    Suite 210,    Woodbury, NY 11797-2007
518043960       +Bergen Anesthesia Group, PC,    PO Box 630,    Franklin Lakes, NJ 07417-0630
518297729       +Borough of Paramus, New Jersey,    C/O Paul Kaufman, Esq.,    2 Executive Drive, Suite 530,
                 Fort Lee, NJ 07024-3302
518043962       +Chase,    Mail Code LA4-5475,    700 Kansas Lane,    Monroe, LA 71203-4774
518043963       +Chase Mtg,    Po Box 24696,    Columbus, OH 43224-0696
518043964       +City MD Urgent Care,    PO Box 791516,    Baltimore, MD 21279-1516
518043965       +Debra Bessette,    416 Cedar Avenue,    Paramus, NJ 07652-5708
518043966       +Englewood Hospital & Medical Center,    350 Engle Street,    Englewood, NJ 07631-1898
518043967       +Firstsource Advantage, LLC,    205 Bryant Woods South,    Buffalo, NY 14228-3609
518043969       +Hayt, Hayt & Landau, LLC,    Two Industrial Way West,    Eatontown, NJ 07724-2279
518190621       +JPMorgan Chase Bank, National Association,    Bankruptcy Department,    Mail Code LA4-5555,
                 700 Kansas Lane,    Monroe, LA 71203-4774
518043970       +MD Partners of EHMC,    PO Box 14099,    Belfast, ME 04915-4034
518043972      #+McCalla Raymer Liebert Pierce LLC,    99 Wood Avenue, Suite 803,    Iselin, NJ 08830-2713
518043973       +Micheal Bessette,    416 Cedar Avenue,    Paramus, NJ 07652-5708
518043974       +North Short Agency,    270 Spagnoli Road,    Suite 110,    Melville, NY 11747-3515
518209985        Northern Valley Anesthesiology, PA,    PO Box 1123,    Minneapolis MN 55440-1123
518043975       +Radiology Associates,    20 Franklin Turnpike,    Waldwick, NJ 07463-1744
518043976       +Radiology Associates of Ridgewood,    20 Franklin Turnpike,    Waldwick, NJ 07463-1744
518043977       +Santander Consumer USA, Inc.,    Attn: Bankruptcy Dept.,    PO Box 560284,
                 Dallas, TX 75356-0284
518043978       +The Valley Hospital,    223 N Van Dien Ave,    Ridgewood, NJ 07450-2736
518043979       +Township of Paramus,    1 W Jockish Square,    Paramus, NJ 07652-2728
518043980       +Toyota Motor Credit,    Po Box 9786,    Cedar Rapids, IA 52409-0004
518138514       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
518043981       +Valley Emergency Room Assoc.,    PO Box 808,    Grand Rapids, MI 49518-0808
518043982       +Valley Physician Services,    PO Box 14099,    Belfast, ME 04915-4034
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Jun 27 2019 00:28:35     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 27 2019 00:28:32     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr              +E-mail/PDF: gecsedi@recoverycorp.com Jun 27 2019 00:21:18
                 Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,    Norfolk, VA 23541-1021
518043959       +E-mail/Text: bankruptcy@pepcoholdings.com Jun 27 2019 00:27:59     Atlantic City Electric,
                 P.O. Box 17006,    Wilmington, DE 19850-7006
518062869        E-mail/Text: bankruptcy@pepcoholdings.com Jun 27 2019 00:27:59
                 Atlantic City Electric Company,    Pepco Holdings, Inc.,
                 Bankruptcy Division, Mail Stop 84CP42,    5 Collins Drive, Suite 2133,
                 Carneys Point, NJ 08069-3600
518043961        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 27 2019 00:23:06
                 Capital One Bank Usa N,    15000 Capital One Dr,    Richmond, VA 23238
518125617       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 27 2019 00:33:38
                 Capital One Bank (USA), N.A.,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
518163840       +E-mail/Text: bankruptcy@cavps.com Jun 27 2019 00:28:51     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
518043968       +E-mail/PDF: gecsedi@recoverycorp.com Jun 27 2019 00:22:56     GECRB/Care Credit,
                 PO Box 965036,    Orlando, FL 32896-5036
518043971       +E-mail/Text: bankruptcydpt@mcmcg.com Jun 27 2019 00:28:31     Midland Credit Management,
                 ATTN: Bankruptcy,    2365 Northside Drive,    Suite 300,    San Diego, CA 92108-2709
518045821       +E-mail/PDF: gecsedi@recoverycorp.com Jun 27 2019 00:21:18     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518193729       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 27 2019 00:33:38     Verizon,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
518043983       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 27 2019 00:24:40
                 Verizon Wireless,    PO Box 25505,    Lehigh Valley, PA 18002-5505
                                                                                               TOTAL: 13
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518043957         19-13683
cr             ##+Santander Consumer USA Inc.,    8585 N. Stemmons Fwy.,    Ste 1100-N,    Dallas, TX 75247-3822
                                                                                    TOTALS: 1, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0312-2           User: admin              Page 2 of 2              Date Rcvd: Jun 26, 2019
                               Form ID: pdf901          Total Noticed: 39
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 28, 2019                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 25, 2019 at the address(es) listed below:

```
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Javier L. Merino    on behalf of Debtor Michael Charles Bessette jmerino@dannlaw.com,
           notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;edwardo@dannlaw.com;9497659420@filings.d
           ocketbird.com;Amy@DannLaw.com
          John R. Morton, Jr.    on behalf of Creditor    Santander Consumer USA Inc. ecfmail@mortoncraig.com,
           mortoncraigecf@gmail.com
          Kevin Gordon McDonald    on behalf of Creditor    Toyota Motor Credit Corporation
           kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Marie-Ann Greenberg     magecf@magtrustee.com
          Melissa N. Licker    on behalf of Creditor    JPMorgan Chase Bank, National Association
           NJ_ECF_Notices@mccalla.com
          Melissa N. Licker    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           NJ_ECF_Notices@mccalla.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                            TOTAL: 8
```