DannLaw
Javier L. Merino, Esq.
Attorneys for Debtor
1520 U.S. Highway 130
Suite 101
North Brunswick, NJ 08902
Phone: 216-373-0539
Fax: 216-373-0536
notices@dannlaw.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| IN RE:<br><br>Michael Charles Bessette,<br><br>Debtor | CHAPTER 13<br>CASE NO. 19-13683-JKS<br>**ATTORNEY CERTIFICATION IN SUPPORT OF MOTION TO PERMIT LATE PROOF OF CLAIM, OR, IN THE ALTERNATIVE, TO REINSTATE AND AMEND CLAIM NO. 10** |
|---|---|

I, Javier L. Merino hereby certify as follows:

1. I am an attorney at the law firm of DannLaw.

2. I am representing the Debtor, Michael Charles Bessette ("Debtor") in the instant bankruptcy matter.

3. On June 12, 2019, the Borough of Paramus filed a Proof of Claim in the amount of $14,307.13 based on "Municipal property taxes past due to the Borough of Paramus". [Claim 10]. A copy of the Claim is attached as **Exhibit A**.

4. On July 23, 2019, counsel for the Borough of Paramus reached out to Debtor's counsel and advised:

> We are having an issue with the attached redemption due to bankruptcy proof of claim.
>
> If you recall, we filed a proof of claim for this property under the assumption that a redemption was going to take place. We received a check from the Chapter 13 Trustee. I wasn't sure how to process the check so it was returned to the Trustee. I called Javier Merino, attorney for Mr. Bessette. The proof of claim that was filed listed the Borough as the debtor. ***The lienholder of the tax sale certificate should have filed the proof of claim since the Borough is not out any monies***.

> I called the NJ Division of Taxation to get advice on how to resolve. The State said that a revised proof of claim needs to be filed by the Borough removing us a debtor ***and the Lienholder needs to file a proof of claim***. The funds from the Chapter 13 Trustee should be going to the lienholder not the Borough. The lienholder will accept the funds as a redemption in installments. The Lienholder is: D1 Softball, 20 Glenside Terrace, Montclair, NJ 07043. Email dmk1313@gmail.com <mailto:dmk1313@gmail.com> . phone (310)606-0809

A copy of the email is attached as **Exhibit B**.

5. On August 20, 2019, the Borough of Paramus withdrew Claim No. 10 in its entirety.

6. On July 31, 2019, counsel for D1 Softball Clinic, LLC ("D1 Softball") contacted Debtor's counsel and requested documentation confirming Debtor's interest in the subject property.

7. On August 20, 2019, Debtor's counsel provided D1 Softball's counsel with a copy of the note and mortgage on the subject property. A copy of the email exchange is attached as **Exhibit C**.

8. Between August 20, 2019 and the present, D1 Softball has failed to file a Proof of Claim in the instant matter.

9. On May 4, 2021, D1 Softball, through its counsel, sent correspondence to Debtor's spouse which threatened a foreclosure against the Home if the tax sale certificate was not paid in full within thirty (30) days of the date of the letter. A copy of the correspondence is attached as **Exhibit D**.

10. On May 11, 2021, I contacted D1 Softball's counsel to advise that: (1) the Debtor has a joint possessory interest in the Home by virtue of his marriage to Mrs. Bessette; (2) D1 Softball's actions in threatening foreclosure constitute attempts to collect against the Home which is property of the estate; and (3) D1 Softball must resort to the claims filing process in order to collect its debt. A copy of the email is attached as **Exhibit E**.

11. On May 18, 2021, D1 Softball, through its counsel, advised that despite my email correspondence, D1 Softball would continue its attempts to enforce the lien against the Home.

12. A claim exists whether or not a proof of claim is filed. Filing is required only to permit a creditor's participation in the case. *In re Gynberg*, 986 F.2d 367, 371 (10th Cir. 1993). "Ordinarily, liens and other secured interests survive bankruptcy." *Farrey v. Sandferfoot*, 500 U.S. 291, 297

(1991).

13. Courts are permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just by intervening circumstances beyond the party's control. FRBP 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 113 S.Ct. 1489 (1993). In making this equitable determination, courts should consider (1) the danger of prejudice to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 1498.

14. Applying the first and second *Pioneer* factors, Debtor will not be prejudiced by exposure to a late claim, and the length of delay will not have a substantial impact in the bankruptcy proceedings. First, it is Debtor himself who seeks allowance of the late claim. Furthermore, the Debtor's Chapter 13 Plan already contemplated inclusion of the tax sale certificate. Specifically, the Debtor's current payment provides for the originally filed Proof of Claim to be paid in full. Accordingly, allowing Debtor to file a late Proof of Claim on behalf of D1 Softball, LLC would not disrupt the Debtor's reorganization.

15. Applying the third and fourth *Pioneer* factors, the reason for the Debtor's delay was that the Debtor inadvertently did not realize that after Paramus withdrew its claim, D1 Softball did not file its claim. Debtor's counsel had anticipated that D1 Softball would amend the Paramus Claim. Furthermore, the Debtor is acting in good faith. His plan proposed to pay all unsecured creditors at 100%, so they will not be materially affected. Furthermore, the Debtor seeks to permit this claim to be filed in lieu of dismissing this action and re-filing a new bankruptcy.

16. Here, the Debtor's interest in the property under New Jersey law is his right to joint possession of the residence during the marriage under N.J.S.A. 3B:28-3. That statute states:

> as to real property occupied jointly by a married person with his or her spouse acquired on or after May 28 1980, as their principal matrimonial residence, every married person shall be entitled to joint possession thereof with his or her spouse during their marriage, which right of possession may not be released, extinguished or alienated without the consent of both spouses except by judgment of a court of competent jurisdiction. All other real property owned by either spouse which is not the principal matrimonial residence may be alienated without the consent of both spouses.

17. Here, the Debtor's "right to joint possession under N.J.S.A. 3B:28-3 is a form of property interest in the marital residence." *In re Rosa*, 261 B.R. 136, 139 (Bankr. D.N.J. 2001).

18. Furthermore, the Debtor "remains potentially liable for property taxes owed by his wife as a necessary expense pursuant to her ownership of the subject property, even though he does not own that property." *Siegfried O. v. Holmdel Tp.,* 20 N.J. Tax 8, 15 (2002). Therefore, he "qualifies as a taxpayer "within the meaning of N.J.S.A. 54:3-21 based upon his possessory right to the marital residence and his potential tax liability for the same. Id. at 15.

19. A copy of the proposed Proof of Claim is attached as **Exhibit F**.

20. In the event the Court should deny the Debtor's request to file a new Proof of Claim on behalf of D1 Softball, LLC, the Debtor instead seeks this relief through reinstating Claim No. 10 and amending it to conform with the proposed Proof of Claim, attached hereto as *Exhibit F*.

21. Just as a pleading, if properly amended, will relate back in time to the original pleading, an amended claim filed after the bar date will relate back to the original, timely filed claim. *See, e.g.*, *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir. 1985); *Fidelity and Deposit Co. of Md. v. Fitzgerald*, 272 F.2d at 130; *In re Brown*, 159 B.R. 710, 714 (Bankr. D.N.J. 1993).

22. Courts liberally allow claim amendments when the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. *See* [*In re*] *Int'l Horizons, Inc.*, 751 F.2d [1213, 1216 (11th Cir. 1985)] (citations omitted).

23. The general right to amend a proof of claim does not, however, require that such amendments be authorized in all circumstances. Leave to amend is discretionary, *See In re Roberts Farms Inc.*, 980 F.2d 1248 (9th Cir. 1992).

24. Here, the Debtor seeks, as an alternative form of relief, that Claim No. 10 be reinstated and amended to provide for D1 Softball, LLC's Proof of Claim. The Court should exercise its discretion to permit this amendment in order to allow this claim to be paid.

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to further action.

DATED: December 14, 2021

                                              /s/ Javier L .Merino  
                                              Javier L. Merino, Esq.