| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>LAW FIRM OF BRIAN W. HOFMEISTER, LLC<br>By: Brian W. Hofmeister, Esq.<br>3131 Princeton Pike<br>Building 5, Suite 110<br>Lawrenceville, New Jersey 08648<br>(609) 890-1500<br>(609) 8980-6961 - facsimile<br>bwh@hofmeisterfirm.com<br>Attorneys for D1 Softball, LLC | |
| In Re:<br><br>MICHAEL CHARLES BESSETTE | Case No.: 19-13683<br><br>Chapter 13<br><br>Judge: JKS |

# CERTIFICATION OF ROBERT A. DEL VECCHIO, ESQUIRE IN OPPOSITION TO DEBTOR'S MOTION TO FILE CLAIM AFTER CLAIMS BAR DATE OR, IN THE ALTERNATIVE, MOTION TO FILE AMENDED PROOF OF CLAIM

ROBERT A. DEL VECCHIO, of full age, does hereby certify, as follows:

1. I am an attorney at law in the State of New Jersey and have been retained to represent D1 Softball, LLC ("D1") in connection with a tax lien foreclosure action pending in the Superior Court of New Jersey, Chancery Division, Bergen County, New Jersey ("Foreclosure Action") and make this Certification in opposition to the Debtor, Michael Charles Bessette's ("Debtor") Motion to File Claim After Claims Bar Date or, in the Alternative, Motion to File Amended Proof of Claim ("Motion").

2. The non-debtor spouse, Debra Bessette ("Non-Debtor Spouse"), holds an one-hundred percent (100%) ownership interest in real property located at 416 Cedar Street, Paramus, New Jersey ("Property"). See report from Altor Abstract Company, Inc. attached hereto as Exhibit

"A".

3.	According to the Deed, dated October 21, 1993 and the Borough of Paramus tax records, the Non-Debtor Spouse is the only individual with an ownership interest in the Property. Id.

4.	On or about December 10, 2018, D1 Softball, LLC purchased a Certificate of Sale from the Borough of Paramus due to Debra Bessette's failure to pay the 2017 real estate taxes. The Certificate of Sale was recorded by the Bergen County Clerk on January 10, 2019. Id.

5.	At no time has the Debtor, Michael Charles Bessette ("Debtor"), held an ownership interest in the Property.

6.	As the Debtor lacks any ownership interest in the Property, the Property is not an asset of the debtor estate.

7.	As the Non-Debtor Spouse is not a party to the Debtor's pending bankruptcy proceeding; the Debtor does not hold nor has ever held an ownership interest in the Property; the Property is not an asset of the debtor estate; and D1 Softball, LLC is not a creditor of the Debtor, there is no necessity for the filing of a proof of claim in the case.

8.	The Debtor erroneously argues that he has an interest in the Property as the spouse of Debra Bessette. Notwithstanding any alleged joint matrimonial possessory right to the Property, the Debtor has no titled ownership interest in the Property that would entitle the Debtor to make partial payments on account of the Tax Sale Certificate under a Chapter 13 plan.

9.	Simply stated, the Debtor cannot use a bankruptcy to force an installment payment plan on a tax sale certificate that was acquired against property that the Debtor is <u>not</u> a titled owner. The subject Property is not property of the Debtor estate and, as such, the Tax Sale Certificate may only be redeemed by payment in full and not partial payments under a Chapter 13 Plan.

10. Accordingly, it is respectfully submitted that the Debtor's Motion to File Claim After Claims Bar Date or, in the Alternative, Motion to File Amended Proof of Claim

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: December 21, 2021            /s/Robert A. Del Vecchio
                                                                        Robert A Del Vecchio, Esquire