EXHIBIT "A"

**ALTOR ABSTRACT COMPANY, INC.**                    Title #: AAC 99,909TR

BLOCK:     **5818 LOT: 4**

OWNER:     **BESSETTE, DEBRA**
MAIL:         416 CEDAR ST PARAMUS, NJ 07652

LOCATION: **416 CEDAR STREET**
BOROUGH OF PARAMUS, BERGEN COUNTY (201) 265-2100
BOROUGH HALL, JOCKISH SQ., PARAMUS, NJ 07652

*2020 TAX RATE: 1.595; 2020 AVERAGE RATIO: 77.13; CERTIFICATE OF OCCUPANCY FOR SALE OF A 1 OR 2 FAMILY HOME REQUIRED; ORD# 19-32 FORECLOSURE/VACANT PROPERTY REGISTRATION REQUIRED- SEMI ANNUAL FEE OF $500; SMOKE DETECTOR CERTIFICATE REQUIRED; MUNICIPAL CODE: 0246*

| | | | |
|---|---|---|---|
| APPROX. LOT SIZE: | **60XIRR 3.7LT** | LAND VALUE: | **$225,600** |
| BUILDING DESCRIPTION: | **2SF** | IMPROVEMENT VALUE: | **$145,300** |
| ASSESSOR'S CODE: | **2-RESIDENTIAL** | TOTAL ASSESSMENT: | **$370,900** |

EXEMPTIONS:         **NONE**
ABATEMENT OF:      **NONE**

2017 Homestead Benefit payments will be paid to eligible taxpayers beginning in May 2021.
Visit https://www.state.nj.us/treasury/taxation/homestead/geninf.shtml for more information.

2020 TAXES:                **$5,794.64 TRANSFERRED TO LIEN**

2021 QTR 1 (1/1-3/31) DUE 2/1: **$1,449.00 TRANSFERRED TO LIEN**
QTR 2 (4/1 - 6/30) DUE 5/1:    **$1,449.00 OPEN & DUE 05/01/2021**
QTR 3 (7/1 - 9/30) DUE 8/1:    **TAXES REMAIN TO BE DETERMINED**
QTR 4 (10/1 - 12/31) DUE 11/1: **TAXES REMAIN TO BE DETERMINED**

2022 QTR 1 (1/1-3/31) DUE 2/1: **TAXES REMAIN TO BE DETERMINED**
QTR 2 (4/1 - 6/30) DUE 5/1:    **TAXES REMAIN TO BE DETERMINED**

ADDED ASSESSMENT:      **NO BILL AS OF 04/09/2021; OMITTED/ADDED BILLED ANNUALLY - VERIFY WITH OWNER THAT NO TAXABLE IMPROVEMENTS HAVE BEEN MADE SINCE 10/01/2020**

LIENS:                         **2017 THIRD PARTY SOLD ON 12/07/2018 CERT.#: 17-00007**
*REDEMPTION REQUIRED*  **SALE AMT: $6,402.44 + SUBSEQUENT PAYMENTS + INT.**
*TO REDEEM LIEN*          **SOLD TO: D1SOFTBALL**
                               **CURRENT APPROX. BALANCE: $16,731.14 + INTEREST**

CONFIRMED ORDINANCE: **NOT REQUESTED**

SPECIAL ORDINANCE:    **NOT REQUESTED**

VPR:                         **ORD #: 19-32 ADOPTED ON: 12/17/2019**
                               **TYPE: VACANT/ABANDONED/FORECLOSURE PROPERTY REGISTRATION REQUIRED;**
                               **INITIAL FEE $500; SEMI-ANNUAL RENEWAL;**
                               **CONTACT: CODE ENFORCEMENT @ (201) 265-2100 FOR OPEN/DUE FEES**

---

*THE CONTENT OF THE ABOVE REPORT IS ACCURATE ACCORDING TO THE TOWN RECORDS DATING 4/9/2021*

**ALTOR ABSTRACT COMPANY, INC.**

Title #: **AAC 99,909TR**

| | |
|---|---|
| WATER ACCOUNT # | **NOT REQUESTED** |
| SEWER ACCOUNT # | **NOT REQUESTED** |



105—DEED - Executor's - (Covenant as to Grantor's Acts)  
PRO DA CORP — Plain Language     A D Q R V S T — 1     Copyright 1983 by ALL-STATE LEGAL SUPPLY CO.  
One Commerce Drive, Cranford, N.J. 07016

Prepared By:

# DEED

This Deed is made on **October 21** , 19 93 .    _Frank H. Reimers_  
**FRANK H. REIMERS**  
Attorney at Law of New Jersey

BETWEEN CAROL L. BADMAN, Executrix of the Estate of FRANK T. RASMUSSEN,  
unremarried widower, formerly the husband of MARJORIE A. RASMUSSEN,

whose address is   52 Seminole Avenue, Wayne, New Jersey     referred to as the Grantor,

AND   DEBRA BESSETTE,

whose post office address is   416 Cedar Avenue, Paramus, New Jersey  
     referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

Grantor. The Grantor makes this Deed as the Execut **rix** of the Last Will of   Frank T.  
Rasmussen,  
late of the Borough      of   Paramus      County of  
Bergen    and State of New Jersey.

Transfer of Ownership. The Grantor grants and conveys (transfers ownership of) the property  
described below to the Grantee. This transfer is made for the sum of   One ($1.00) Dollar

The Grantor acknowledges receipt of this money.

Tax Map Reference. (N.J.S.A. 46:15-2.1) Municipality of   Paramus  
Block No.   5816      Lot No.   4      Account No.  
☐ No property tax identification number is available on the date of this Deed. (Check box if applicable.)

Property. The property consists of the land and all the buildings and structures on the land in  
the Borough      of   Paramus  
County of   Bergen      and State of New Jersey. The legal description is:

BEGINNING at a point in the southeasterly line of Cedar Street, therein distant  
105.08 feet southwesterly from the point of intersection of the said line of Cedar  
Street with the southwesterly line of Midland Avenue, if said lines were produced;  
thence running (1) south 65 degrees 15 minutes east and parallel with Midland  
Avenue 159.16 feet to a point in the center line of the Continental Avenue Brook;  
thence returning to the point and place of beginning and running from thence (2)  
along the said southeasterly line of Cedar Street south 27 degrees 03 minutes 05  
seconds west 60 feet to a point; thence (3) south 65 degrees 15 minutes east and  
parallel with the first course herein 135 feet, more or less to the center line  
of the aforementioned Brook; thence (4) along the center line of said Brook in a  
northeasterly direction to the termination of the first course herein.

BEING in accordance with survey made by Elmer A. Blackwell, Engineer and Surveyor,  
dated February 21, 1939.

BEING the same premises conveyed to Frank T. Rasmussen and Marjorie A. Rasmussen,  
his wife, by Deed dated November 4, 1954 from Salvatore Sicari and Cecile Sicari,  
his wife, recorded November 5, 1954 in Deed Book 3592 Page 564 et seq, in the  
Office of the Bergen County Clerk.

_Kathleen A. Donovan_  
COUNTY CLERK  
164476

RECORDED-BERGEN COUNTY  
93 NOV -3 AM 10: 32

BK 7648 PG845    R 11-3-93

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page. If the Grantor is a corporation, this Deed is signed and attested to by its proper corporate officers and its corporate seal is affixed.

Witnessed or Attested by:

＿＿＿＿＿＿＿＿＿＿＿＿＿＿　　　　Carol L. Badaan ...................(Seal)
FRANK H. REIMERS　　　　　　　　　CAROL L. BADAAN
Attorney at Law of New Jersey　　　Executrix of the Estate of Frank T.
　　　　　　　　　　　　　　　　　　　　Badaan ..................................(Seal)

STATE OF NEW JERSEY, COUNTY OF　　PASSAIC　　　　SS.:
　　I CERTIFY that on　October 21　, 19 93 .
　　　CAROL L. BADAAN　　　　　　　　　　　　personally came before me
and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):
　　(a)　is named in and personally signed this Deed;
　　(b)　signed, sealed and delivered this Deed as his or her act and deed; and
　　(c)　made this Deed for $ 1.00　　　　　　　as the full and actual consideration paid or to be
　　　　paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

Prepared by:

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
N.J.S.A 46:15-12　(Print signer's name below signature)　　(Print signer's name below signature)
FRANK H. REIMERS　　　　　　　　　　FRANK H. REIMERS
Attorney at Law of New Jersey　　　　Attorney at Law of New Jersey

STATE OF NEW JERSEY, COUNTY OF　　　　　　　SS.:
　　I CERTIFY that on　　　　　　　, 19 .

personally came before me and this person acknowledged under oath, to my satisfaction, that:
　　(a)　this person is the　　　　　　　　secretary of
　　　　　　　　　　　　　　　　　　　　the corporation named in this Deed;
　　(b)　this person is the attesting witness to the signing of this Deed by the proper corporate officer who is
　　　　the　　　　　　　　　President of the corporation;
　　(c)　this Deed was signed and delivered by the corporation as its voluntary act duly authorized by a proper
　　　　resolution of its Board of Directors;
　　(d)　this person knows the proper seal of the corporation which was affixed to this Deed;
　　(e)　this person signed this proof to attest to the truth of these facts; and
　　(f)　the full and actual consideration paid or to be paid for the transfer of title is $
　　　　(Such consideration is defined in N.J.S.A. 46:15-5.)

Signed and sworn to before me on
　　　　　　　　, 19 .　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　(Print name of attesting witness below signature)

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　　　　Prepared by:

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　N.J.S.A 46:15-12　(Print signer's name below signature)

BK 7648 PG846

NC 1445 – AFFIDAVIT OF CONSIDERATION
RTF-1 (Rev. 1/1/86)

## STATE OF NEW JERSEY
### AFFIDAVIT OF CONSIDERATION OR EXEMPTION
(c. 49, P.L. 1968)
OR
### PARTIAL EXEMPTION
(c. 176, P. L. 1975)

ALL-STATE LEGAL SUPPLY CO.
One Commerce Drive, Cranford, N. J. 07016
R E T – 1

To Be Recorded With Deed Pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

| STATE OF NEW JERSEY | } ss. | FOR RECORDER'S USE ONLY |
|---|---|---|
| COUNTY OF PASSAIC | | Consideration $ __EX.__ <br> Realty Transfer Fee $ __EX.__ <br> Date __11-3-93__ by __bb__ |

*Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3, 4 and 5 on reverse side)

Deponent, __CAROL L. BADAAN__ being duly sworn according to law upon his/her oath deposes and
(Name)

says that he/she is the __Grantor__
(Sute whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co. Leading Institution, etc.)

in a deed dated __October 21, 1993__, transferring real property identified as Block No. __5818__

Lot No. __4__ located at __416 Cedar Avenue, Paramus, New Jersey (Bergen County)__
(Street Address, Municipality, County)

and annexed hereto.

**(2) CONSIDERATION** (See Instruction #6)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ _____

**(3) FULL EXEMPTION FROM FEE** ✓ Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

(a) consideration under $100.00

(c) to effect distribution of estate by Executrix

**(4) PARTIAL EXEMPTION FROM FEE** *NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption.* (See Instructions #8 and #9)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c.176, P.L. 1975 for the following reason(s):

**a) SENIOR CITIZEN** (See Instruction #8)
- ☐ Grantor(s) 62 yrs. of age or over.*
- ☐ One or two-family residential premises
- ☐ Owned and occupied by grantor(s) at time of sale.
- ☐ No joint owners other than spouse or other qualified exempt owners.

**b) BLIND** (See Instruction #8)
- ☐ Grantor(s) legally blind.*
- ☐ One or two-family residential premises.
- ☐ Owned and occupied by grantor(s) at time of sale.
- ☐ No joint owners other than spouse or other qualified exempt owners.

**DISABLED** (See Instruction #8)
- ☐ Grantor(s) permanently and totally disabled.*
- ☐ One or two-family residential premises.
- ☐ Receiving disability payments.
- ☐ Owned and occupied by grantor(s) at time of sale.
- ☐ Not gainfully employed.
- ☐ No joint owners other than spouse or other qualified exempt owners.

*IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

**c) LOW AND MODERATE INCOME HOUSING** (See Instruction #8)
- ☐ Affordable According to H.U.D. Standards.
- ☐ Meets Income Requirements of Region.
- ☐ Reserved for Occupancy.
- ☐ Subject to Resale Controls.

**d) NEW CONSTRUCTION** (See Instruction #9)
- ☐ Entirely new improvement.
- ☐ Not previously used for any purpose.
- ☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and Sworn to before me
this __21st__
day of __October__ 19 93

Signature of Deponent (Must inform here)

__Carol L. Badaan__

__CAROL L. BADAAN__
__52 Seminole Avenue__

__CAROL L. BADAAN__
Name of Grantor (type, above line)

__52 Seminole Avenue__
__Wayne, N.J. 07470__

WHITE AND YELLOW COPIES MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

**D E E D**

Dated: October 21, 19 93

CAROL L. MADAAN, Executrix of the Estate
of Frank T. Rasmussen,

Record and return to:

Carol L. Badaan
52 Seminole Avenue
Wayne, N.J. 07470

Grantor,

TO

DEBRA BESSETTE,

Grantee

ABSTRACTED

BK 7648 PG848

END OF DOCUMENT

5071231+2
BESSETTE, MICHAEL
DEED OF TRUST / MORTGAGE

00411660037095

WHEN RECORDED MAIL TO:
JPMorgan Chase Bank, N.A.
Retail Loan Servicing KY2-1606
P.O. Box 11606
Lexington, KY 40576-1606

110457.02   Mortgage
Kathleen A. Donovan   Recording Fee 98.00
Bergen County Clerk
Recorded 10/02/2007 10:58

FOR RECORDER'S USE ONLY

This Mortgage prepared by: X _____ DAMIAN McPHERSON _____

Name of Signer: DEANNA BOWMAN, PROCESSOR

# MORTGAGE

INDEX. The following index is for convenience purposes only and is not to be used to interpret or to define any provisions of this Security Instrument.

1. DEFINITIONS
   (A) Borrower
   (B) Credit Agreement
   (C) Lender
   (D) Owner
   (E) Property
   (F) Related Documents
   (G) Security Instrument
   (H) Sums Secured
2. OWNER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY
3. DESCRIPTION OF THE PROPERTY
4. OWNER'S RIGHT TO MORTGAGE THE PROPERTY AND OWNER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY
5. OWNER'S PROMISE TO PAY
6. OWNER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS
7. NO CLAIM FOR CREDIT FOR TAXES
8. OWNER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE
9. OWNER'S OBLIGATION TO MAINTAIN THE PROPERTY
10. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY; MORTGAGE INSURANCE
11. POSSESSION AND USE
12. LENDER'S RIGHT TO INSPECT THE PROPERTY
13. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY
14. CONTINUATION OF OWNER'S OBLIGATIONS AND OF LENDER'S RIGHTS
   (A) Owner's Obligations
   (B) Lender's Rights
15. OWNER'S OBLIGATIONS AND THOSE OF PERSONS TAKING OVER OWNER'S OBLIGATIONS
16. LOAN CHARGES
17. LEGISLATION AFFECTING LENDER'S RIGHTS
18. NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT
19. GOVERNING LAW
20. OWNER'S COPY
21. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED
22. DEFAULT
23. LENDER'S RIGHTS UPON DEFAULT
   (A) Accelerate Payment
   (B) Lender in Possession
   (C) Judicial Foreclosure
   (D) Nonjudicial Sale
   (E) My Payment of Rent
   (F) Deficiency Judgment
   (G) Election of Remedies
   (H) Expenses
24. LENDER'S OBLIGATION TO DISCHARGE THIS SECURITY INSTRUMENT
25. IDENTITY OF LENDER
26. NON-WAIVER
27. SUPPLEMENT TO PERSONAL PROPERTY DEFINITION
28. DUE ON SALE - CONSENT BY LENDER
29. SUPPLEMENT TO OWNER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE
30. JOINDER
31. MISCELLANEOUS PROVISIONS
   (A) Amendments
   (B) Merger
   (C) Time is of the Essence
   (D) Waivers and Consents

17009-104

BI7009P104

**1. DEFINITIONS.** The following words are used often in this document. When they are used, they will have the following meanings:

(A) Borrower. MICHAEL C BESSETTE and DEBRA BESSETTE and all other persons and entities signing the Note will sometimes be called "Borrower".

(B) Credit Agreement. The note or credit agreement signed by Borrower and dated September 12, 2007 will be called the "Note". The Note is in the original amount of $70,000.00. This amount is called "principal." The word "Note" includes all renewals of, extensions of, modifications of and substitutions for the promissory note or credit agreement. The interest rate on the Note is a variable interest rate based upon an index. The index currently is 8.250% per annum. If the index increases, the payments tied to the index, and therefore the total amount secured hereunder, will increase. Any variable interest rate tied to the index shall be calculated as of, and shall begin on, the commencement date indicated for the applicable payment stream. Notwithstanding the foregoing, the variable interest rate or rates provided for in this Security Instrument shall be subject to the following maximum rate. NOTICE: Under no circumstances will the interest rate on the Credit Agreement be more than the lesser of 21.000% per annum or the maximum rate allowed by applicable law. Specifically, without limitation, this Security Instrument secures a revolving line of credit, under which Lender may make advances to Borrower so long as Borrower complies with all the terms of the Credit Agreement. The maturity date of this Security Instrument is September 12, 2037. NOTICE TO OWNER: THE CREDIT AGREEMENT CONTAINS A VARIABLE INTEREST RATE.

(C) Lender. JPMorgan Chase Bank, N.A. will be called "Lender."

(D) Owner. MICHAEL C BESSETTE and DEBRA BESSETTE sometimes will be called "Owner" and sometimes simply "I" or "me."

(E) Property. The property that is described in the section titled "DESCRIPTION OF THE PROPERTY" will be called the "Property".

(F) Related Documents. All promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Sums Secured will be called "Related Documents".

(G) Security Instrument. This mortgage document will also be called the "Security Instrument."

(H) Sums Secured. The amounts described below in the section titled "OWNER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY" sometimes will be called the "Sums Secured." The lien of this Security Instrument will not exceed at any one time the principal amount of $70,000.00, plus accrued interest, payments made by Lender for taxes and insurance, and any other payments made by Lender as provided for in this Security Instrument.

THIS MORTGAGE IS DATED September 12, 2007, BETWEEN DEBRA BESSETTE, JOINED HEREIN PRO-FORMA BY MICHAEL C BESSETTE, whose address is 416 CEDAR AVE, PARAMUS, NJ 07652 (sometimes below will be called "Owner," "Borrower," "I," or "me"); and JPMorgan Chase Bank, N.A., whose address is Home Equity and Consumer Lending Division, 1111 Polaris Parkway, Columbus, OH 43240 (sometimes below will be called "Lender").

**2. OWNER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY.** I mortgage, grant and convey to Lender the Property, subject to the terms of this Security Instrument, to have and to hold all of the Property to Lender, and to its successors and assigns, forever. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. Those rights that the law gives to lenders who hold mortgages on real property include those rights known as "Mortgage Covenants." I am giving Lender these rights to protect Lender from possible losses that might result if I fail to do any of the following:

(A) Pay all the amounts that I owe Lender as stated in the Credit Agreement;

(B) Pay, with interest, any amounts that Lender spends under this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument.

**3. DESCRIPTION OF THE PROPERTY.** I mortgage, grant and convey to Lender the Property described in (A) through (I) below.

(A) This Property is located in BERGEN County, State of New Jersey:

Parcel ID Number: lot 4 block 5818
THE PROPERTY CONSISTS OF THE LAND AND ALL THE BUILDINGS AND STRUCTURES ON THE LAND IN THE BOROUGH OF PARAMUS COUNTY OF BERGEN AND STATE OF NEW JERSEY. THE LEGAL DESCRIPTION IS: BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF CEDAR STREET, THEREIN DISTANT 105.08 FEET SOUTHWESTERLY FROM THE POINT OF INTERSECTION OF THE SAID LINE OF CEDAR STREET WITH THE SOUTHWESTERLY LINE OF MIDLAND AVENUE, IF SAID LINES WERE PRODUCED; THENCE RUNNING (1) SOUTH 66 DEGREES 15 MINUTES EAST AND PARALLEL WITH MIDLAND AVENUE 169.15 FEET TO A POINT IN THE CENTER LINE OF THE CONTINENTAL AVENUE BROOK; THENCE RETURNING TO THE POINT AND PLACE OF BEGINNING AND RUNNING FROM THENCE (2) ALONG THE SAID SOUTHEASTERLY LINE OF CEDAR STREET SOUTH 27 DEGREES 05 MINUTES 05 SECONDS WEST 60 FEET TO A POINT; THENCE (3) SOUTH 66 DEGREES 15 MINUTES EAST AND PARALLEL WITH THE FIRST COURSE HEREIN 135 FEET, MORE OR LESS TO THE CENTER LINE OF THE AFOREMENTIONED BROOK; THENCE (4) ALONG THE CENTER LINE OF SAID BROOK IN A NORTHEASTERLY DIRECTION TO THE TERMINATION OF THE FIRST COURSE HEREIN. BEING ALSO KNOWN AS LOT 4 BLOCK 5818 ON THE TAX MAPS OF THE BOROUGH OF PARAMUS.

B17009P105

The Real Property or its address is commonly known as 416 CEDAR AVE, PARAMUS, NJ 07652. The Real Property tax identification number is LOT 4 BLOCK 6818.

    (B) All buildings and other improvements that are located on the Property described in subparagraph (A) of this section;

    (C) All rights in other property that I have as owner of the Property described in subparagraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the Property;"

    (D) All rents and royalties from the Property described in subparagraph (A) of this section;

    (E) All mineral, oil and gas rights and profits, water rights and stock that are part of the Property described in subparagraph (A) of this section;

    (F) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subparagraph (A) of this section;

    (G) All fixtures that are now or in the future will be on the Property described in subparagraphs (A) and (B) of this section;

    (H) All of the rights and property described in subparagraphs (B) through (G) of this section that I acquire in the future; and

    (I) All replacements of or additions to the Property described in subparagraphs (B) through (I) of this section.

**4. OWNER'S RIGHT TO MORTGAGE THE PROPERTY AND OWNER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY.** I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

THIS MORTGAGE IS GIVEN TO SECURE (A) PAYMENT OF THE SUMS SECURED AND (B) PERFORMANCE OF ALL OF MY OBLIGATIONS UNDER THIS MORTGAGE. I PROMISE AND I AGREE WITH LENDER AS FOLLOWS:

**5. OWNER'S PROMISE TO PAY.** I will pay to Lender on time principal and interest due under the Credit Agreement and any prepayment charges due under the Credit Agreement.

**6. OWNER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS.** I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will do this by making the payments on time to the person owed them. (In this Security Instrument, the word "person" means any person, organization, governmental authority or other party.) If I make direct payments, then promptly after making any of those payments I will give Lender a receipt which shows that I have done so.

Any claim, demand or charge that is made against the Property because an obligation has not been fulfilled is known as a "lien." I must promptly pay or satisfy a superior lien unless: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give me a notice identifying the superior lien. I will then pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**7. NO CLAIM FOR CREDIT FOR TAXES.** I will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. I will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

**8. OWNER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE.** I will obtain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. If the Property is or becomes located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, I agree to obtain and maintain Federal Flood Insurance for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender. I agree to maintain such insurance for the term of the loan. In no event, however, shall I be required to provide hazard insurance in excess of the replacement value of the buildings and other improvements on the Property. I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless my refusal is reasonable.

All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "proceeds." The proceeds will be used to repair or to restore the damaged Property unless: (A) it is not economically feasible to make the repairs or restoration; or (B) the use of the proceeds for that purpose would lessen the protection given to Lender by this Security Instrument; or (C) Lender and I have agreed in writing not to use the proceeds for that purpose. If the repair or restoration is not

economically feasible or if it would lessen Lender's protection under this Security Instrument, then the proceeds will be used to reduce the amount that is owed to Lender under the Credit Agreement and under this Security Instrument. If any of the proceeds remain after the amount that is owed to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within thirty (30) days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the proceeds. Lender may use the proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which is owed to Lender under the Credit Agreement, that use will not delay the due date or change the amount of any of the monthly payments under the Credit Agreement and under the Paragraph titled "MONTHLY PAYMENTS FOR TAXES AND INSURANCE" above. However, I and Lender may agree in writing to those delays or changes.

If Lender acquires the Property as provided below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

**9. OWNER'S OBLIGATION TO MAINTAIN THE PROPERTY.** I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate.

**10. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY; MORTGAGE INSURANCE.** If I fail to comply with any provision of this Security Instrument, or if some action or proceeding is commenced that would materially affect Lender's interests in the Property, Lender on my behalf may, but will not be required to, take any action that Lender thinks to be appropriate. Any amount that Lender spends or incurs in so doing will bear interest at the rate charged under the Credit Agreement from the date incurred or paid by Lender to the date of my repayment. All such expenses, at Lender's option, will (A) be payable on demand, (B) be added to the balance of the Credit Agreement and be apportioned among and be payable with any installment payments to become due either during the term of any applicable insurance policy or during the remaining term of the Credit Agreement, or (C) be treated as a balloon payment which will be due and payable at the Credit Agreement's maturity. This Security Instrument also will secure payment of these amounts. The rights provided for in this paragraph will be in addition to any other rights or any remedies to which Lender may be entitled on account of the default. Any action taken by Lender under this paragraph will not constitute a cure of any default so as to bar Lender from any remedy that it otherwise would have had under this Security Instrument.

If Lender required mortgage insurance as a condition for my loan, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law.

**11. POSSESSION AND USE.** Until in default, I may remain in possession and control of and operate and manage the Property.

**12. LENDER'S RIGHT TO INSPECT THE PROPERTY.** Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before, or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.

**13. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY.** A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, the amount that I owe to Lender will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within thirty (30) days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which is owed to Lender under the Credit Agreement, that use will not delay the due date or change the amount of any of the monthly payments under the Credit Agreement. However, Lender and I may agree in writing to those delays or changes.

**14. CONTINUATION OF OWNER'S OBLIGATIONS AND OF LENDER'S RIGHTS.**

  (A) Owner's Obligations. Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Credit Agreement or under this Security Instrument. Even if Lender does this, however, that person and I will both still be fully obligated under the Credit Agreement and under this Security Instrument.

  Lender may allow those changes or delays for a person who takes over my rights and obligations, even if Lender is not requested to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Credit Agreement or under this Security Instrument, even if Lender is requested to do so.

  (B) Lender's Rights. Even if Lender does not exercise or enforce any right of Lender under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right to demand immediate payment in full of the amounts that are owed to

**MORTGAGE**
(Continued)

Lender under the Credit Agreement or under this Security Instrument.

**15. OWNER'S OBLIGATIONS AND THOSE OF PERSONS TAKING OVER OWNER'S OBLIGATIONS.** Any person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

If more than one person signs this Security Instrument as Owner, each of us is fully obligated to keep all of Owner's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together.

**16. LOAN CHARGES.** If the Credit Agreement secured by this Security Instrument is subject to a law which sets maximum Credit Agreement charges, and that law is finally interpreted so that the interest or other Credit Agreement charges collected or to be collected in connection with the Credit Agreement exceed permitted limits: (A) any such charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (B) any sums already collected from me which exceeded permitted limits will be refunded to me. Lender may choose to make this refund by reducing the principal owed under the Credit Agreement or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Credit Agreement.

**17. LEGISLATION AFFECTING LENDER'S RIGHTS.** If a change in applicable law would make any provision of the Credit Agreement or this Security Instrument unenforceable, Lender may require immediate payment in full of all Sums Secured by this Security Instrument as that phrase is defined above. If Lender requires immediate payment in full under this Paragraph, Lender will take the steps and may act as specified below.

**18. NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT.** Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class, certified or registered mail unless applicable law requires use of another method. The notice will be addressed to me at the address shown at the beginning of this Security Instrument. A notice will be given to me at a different address if I give Lender notice of my different address. Any notice that must be given to Lender under this Security Instrument will be given by mailing it to the Lender's address shown at the beginning of this Security Instrument. A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph or of applicable law. Notwithstanding the foregoing, the address for notice for Lender is: Chase, Attn: Home Equity Loan Servicing, P.O. Box 24714, Columbus, OH 43224.

**19. GOVERNING LAW.** This agreement will be governed by and interpreted in accordance with federal law and the laws of the State of New Jersey except for matters related to: (1) interest and the exportation of interest, which will be governed by and interpreted in accordance with federal law (including, but not limited to, statutes, regulations, interpretations, and opinions) and the laws of the State of Ohio; and (2) the validity and enforcement of Lender's security interest in the Property, which will be governed by the laws of the State where the Property is located. However, if there ever is a question about whether any provision of the agreement is valid or enforceable, the provision that is questioned will be governed by whichever of the governing state or federal laws that would find the provision to be valid and enforceable. The loan transaction which is evidenced by this and other related documents has been approved, made and funded, and all necessary documents have been accepted by Lender in the State of Ohio.

**20. OWNER'S COPY.** I will be given one conformed copy of the Credit Agreement and of this Security Instrument.

**21. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED.** Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Owner is sold or transferred and Owner is not a natural person. However, Lender will not require immediate payment in full if this is prohibited by federal law as of the date of this Security Instrument.

**22. DEFAULT.** At Lender's option, I will be in default under this Security Instrument if any of the following happen: (A) I commit fraud or make a material misrepresentation at any time in connection with the Credit Agreement. This can include, for example, a false statement about my income, assets, liabilities, or any other aspects of my financial condition. (B) I do not meet the repayment terms of the Credit Agreement. (C) My action or inaction adversely affects the collateral for the credit line account or Lender's rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the Property, failure to pay taxes, death of all persons liable on the credit line account, transfer of title or sale of the dwelling, creation of a lien on the dwelling without our permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.(3) My action or inaction adversely affects the collateral for the credit line account or Lender's rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the Property, failure to pay taxes, death of all persons liable on the credit line account, transfer of title or sale of the dwelling, creation of a lien on the dwelling without our permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

**23. LENDER'S RIGHTS UPON DEFAULT.** If I am in default under this Security Instrument, this is what Lender may do, in addition to any other rights or remedies provided by law:

(A) Accelerate Payment. Lender shall have the right at its option without notice to me to require that I pay immediately the entire amount then remaining unpaid under the Credit Agreement and under this Security Instrument, including any prepayment penalty which I would be required to pay.

(B) Lender in Possession. Upon acceleration of the Sums Secured or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents, including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents,

including but not limited to receiver's fees, premiums on the receiver's bonds and reasonable attorneys' fees and then to the other Sums Secured secured by this Security Instrument.

(C) Judicial Foreclosure. Lender may obtain a judicial decree foreclosing my interest in all or any part of the Property.

(D) Nonjudicial Sale. If permitted by applicable law, Lender may foreclose my interest in the Property by non-judicial sale.

(E) My Payment of Rent. If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to occupy the Property.

(F) Deficiency Judgment. If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining on the Sums Secured after application of all amounts received from the exercise of the rights provided in this section.

(G) Election of Remedies. All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of my obligations under this Security Instrument, after my failure to do so, that decision by Lender will not affect Lender's right to declare me in default and to exercise Lender's remedies.

(H) Expenses. To the extent not prohibited by applicable law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights, shall become a part of the loan payable on demand, and shall bear interest at the Note rate from the date of expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's expenses for bankruptcy proceedings (including efforts to modify or vacate the automatic stay or injunction) and appeals, to the extent permitted by applicable law.

**24. LENDER'S OBLIGATION TO DISCHARGE THIS SECURITY INSTRUMENT.** When Lender has been paid all amounts due under the Credit Agreement and under this Security Instrument I elect to terminate the Credit Agreement, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

**25. IDENTITY OF LENDER.** Lender is JPMorgan Chase Bank, N.A., a national banking association organized and existing under the laws of the United States of America, with its main offices located in Columbus, Ohio.

**26. NON-WAIVER.** A waiver by any party of a breach of a provision of this Mortgage shall not constitute a waiver of or prejudice the party's right otherwise to demand strict compliance with that provision or any other provision.

**27. SUPPLEMENT TO PERSONAL PROPERTY DEFINITION.** It is the intention of Lender only to take a security interest in and retain a lien on that personal property considered fixtures under the Uniform Commercial Code as adopted in the jurisdiction where this Mortgage is filed of record as same may be amended from time to time or such other statute of such jurisdiction that defines property affixed to real estate and no other personal property.

**28. DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable federal or state law.

**29. SUPPLEMENT TO OWNER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE.** The above referenced paragraph is amended to change the required Federal Flood Insurance amount as follows: If the Property is or becomes located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, I/We agree to obtain and maintain Federal Flood Insurance for the maximum amount of my/our credit line and the full unpaid principal balance of any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender. The remainder of the paragraph remains as stated in the above referenced paragraph.

**30. JOINDER.** Any Grantor who is joined herein pro forma is signing solely for the purpose of binding whatever rights or interests may be granted to such Grantor at law or in equity and not for the purpose of claiming or asserting any ownership interest in the Property by virtue of signing this document.

**31. MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Security Instrument:

(A) Amendments. What is written in this Security Instrument and in the Related Documents is my entire agreement with Lender concerning the matters covered by this Security Instrument. To be effective, any change or amendment to this Security Instrument must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

(B) Merger. There shall be no merger of the interest or estate created by this Security Instrument with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

(C) Time is of the Essence. Time is of the essence in the performance of this Security Instrument. This means that all deadlines for performance provided under this Security Instrument must be strictly complied with and that failure to do so will result in a default.

B17009P109

**(D)  Waivers and Consents.**  Lender will not be deemed to have waived any rights under this Security Instrument unless such waiver is in writing and signed by Lender.  No delay or omission on the part of Lender in exercising any right will operate as a waiver of such right or any other right.  A waiver by any party of a provision of this Security Instrument will not constitute a waiver of or prejudice the party's right otherwise to demand strict compliance with that provision or any other provision.  No prior waiver by Lender, nor any course of dealing between Lender and me, will constitute a waiver of any of Lender's rights or any of my obligations as to any future transactions.  Whenever consent by Lender is required in this Security Instrument, the granting of such consent by Lender in any instance will not constitute continuing consent to later instances where such consent is required.

I ACKNOWLEDGE HAVING READ ALL THE PROVISIONS OF THIS SECURITY INSTRUMENT, AND I AGREE TO ITS TERMS.

I ACKNOWLEDGE RECEIPT, WITHOUT CHARGE, OF A TRUE AND CORRECT COPY OF THIS SECURITY INSTRUMENT.

OWNER:

X _____
MICHAEL C BESSETTE, Individually

X _____
DEBRA BESSETTE, Individually

---

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _New Jersey_                )
                                     ) SS
COUNTY OF _Bergen_                   )

BE IT REMEMBERED that on this ___12th___ day of ___September___, 200_7_, before me, the undersigned authority, personally appeared MICHAEL C BESSETTE who, I am satisfied, is the person named in the foregoing instrument, and I having first made known to him or her the contents thereof, he or she acknowledged that he or she signed, sealed and delivered the same as his or her voluntary act and deed.  All of which is hereby certified.

_____
(Notary Public)

OFFICIAL SEAL
SALIMA K. ALI
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires 10-02-2010

---

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _New Jersey_                )
                                     ) SS
COUNTY OF _Bergen_                   )

BE IT REMEMBERED that on this ___12th___ day of ___September___, 200_7_, before me, the undersigned authority, personally appeared DEBRA BESSETTE who, I am satisfied, is the person named in the foregoing instrument, and I having first made known to him or her the contents thereof, he or she acknowledged that he or she signed, sealed and delivered the same as his or her voluntary act and deed.  All of which is hereby certified.

_____
(Notary Public)

OFFICIAL SEAL
SALIMA K. ALI
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires 10-02-2010

---

B17009P110

END OF DOCUMENT

John S. Hogan
Bergen County Clerk



**Bergen County Clerk**
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/



INSTRUMENT # 18-061117

**V 03036 2195**

RECORDED DATE: 08/23/2018 03:42:47 PM

FILE NUMBER : 063004

| | |
|---|---|
| **Document Type:** Lis Pendens Foreclosure | **Transaction #:** 9148174 |
| | **Document Page Count:** 2 |
| | **Operator Id:** CLERK |

| RETURN TO: | SUBMITTED BY: |
|---|---|
| MCCALLA RAYMER LEIBERT PIERCE, LLC<br>99 WOOD AVENUESUITE 803<br>ISELIN  NJ  08830<br>ERECORDED | McCalla Raymer Leibert Pierce, LLC<br><br><br>(732) 692-2081 |

| PRIMARY NAME | SECONDARY NAME |
|---|---|
| DEBRA  BESSETTE | JP MORGAN CHASE BANK NA |
| **ADDITIONAL PRIMARY NAMES** | **ADDITIONAL SECONDARY NAMES** |
| MICHAEL  BESSETTE | |

**MARGINAL REFERENCES:** MTGE 17009 0104

| | |
|---|---|
| **DOCUMENT DATE:** 08/08/2018<br>**MUNICIPALITY:** PARAMUS | **INSTRUMENT #: 18-061117**<br>Recorded Date: 08/23/2018 03:42:47 PM |
| **FEES / TAXES:**<br>Recording Fee: Lis Pendens<br>Foreclosure                    $40.00<br>Total:                               $40.00 | I hereby CERTIFY that this document is recorded in the Clerk's Office in Bergen County, New Jersey.<br><br>*John S. Hogan*<br>**John S. Hogan**<br>**Bergen County Clerk** |
| **V3036 - 2195** | Recording Fees: $40.00<br>Realty Transfer Tax Fees: $0.00 |

## OFFICIAL RECORDING COVER PAGE

Page 1 of 3

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

MCCALLA RAYMER LEIBERT PIERCE, LLC
99 Wood Avenue South, Suite 803
Iselin, NJ 08830
P: 732-902-5399
F: 732-902-5398
Attorneys for Plaintiff
Firm File No. 9926-5560

| | |
|---|---|
| JPMorgan Chase Bank, N.A., | SUPERIOR COURT OF NEW JERSEY |
| | CHANCERY DIVISION |
| Plaintiff, | BERGEN COUNTY |
| : vs. | DOCKET NO. F-015243-18 |
| Debra Bessette, et al., | Civil Action |
| Defendants. | NOTICE OF LIS PENDENS |

TO WHOM IT MAY CONCERN:

Notice is hereby given of the commencement and pendency of the above entitled Civil Action, the general

objects of which are:

1. To foreclose the Mortgage made by Debra Bessette, joined herein pro-forma by Michael

    Bessette to JPMorgan Chase Bank N.A., dated September 12, 2007, and recorded in the

    Bergen County Clerk's Office on October 2, 2007, in Book 17009, Page 104; and

2. To recover possession of the land commonly known as 416 Cedar Street, Paramus, NJ

    07652. A more complete legal description is attached hereto as "Exhibit A."

3. The Complaint in this action was filed on July 23, 2018.

Dated: August 8, 2018

McCalla Raymer Leibert Pierce, LLC
Attorneys for Plaintiff,
JPMorgan Chase Bank, N.A.

By: _____
Ronald James De La Fuente, Esq.

9926-5560;13196979

# EXHIBIT A

Description of property located in the Borough of Paramus, Bergen County, New Jersey.

Beginning at a point in the southeasterly sideline of Cedar Street, said point being distant 105.08 feet measured southwesterly along the aforementioned sideline of Cedar Street from its intersection with the southwesterly sideline of Midland Avenue, and from said beginning point running,

Thence, (1) South 65 degrees 15 minutes East, +/- 161 feet to a center of brook,

Thence, (2) Along said center of brook, -/- 65 feet,

Thence, (3) North 65 degrees 15 minutes West, -/- 139 feet from center of brook to a rebar found in the said sideline of Cedar Street,

Thence, (4) Along said sideline, North 27 degrees 05 minutes 05 seconds East, 60.00 feet to the point and place of BEGINNING.

Being in accordance with a survey prepared by KTJ Associates, Neshanic Station, N.J. dated June 21, 2018.

Being Lot 4, Block 5818 on the Borough of Paramus Tax Map.

The Mortgaged Premises is commonly known as 416 Cedar Street, Paramus, NJ 07652, with a mailing address of 416 Cedar Avenue, Paramus, NJ 07652, and is further described as Lot 4, Block 5818 on the Tax Map of the Borough of Paramus.

The metes and bounds description, as provided above was taken from a survey that was prepared by KTJ Associates, LLC, Neshanic Station, NJ dated June 25, 2018. Although the legal description is consistent throughout the chain of title, the last survey was completed in 1939. Therefore, the accuracy of the legal description contained in Plaintiff's Mortgage cannot be confirmed, and therefore, the above legal description is used herein to describe the Mortgaged Premises. Since Plaintiff is unable to confirm the accuracy of the legal description contained in the Mortgage, Plaintiff seeks to reform the Mortgage to include the most recent metes and bounds description above.

9926-5560;13196979

John S. Hogan
Bergen County Clerk

**Bergen County Clerk**
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/





INSTRUMENT# 2020009977

V 3481   1536

RECORDED DATE: 01/29/2020

| | |
|---|---|
| **Document Type:** SATISFACTION OF LIS PENDENS **FORECLOSURE** | Transaction #: 1491497 <br> Document Page Count: 1 <br> Operator Id: ERECORD |

| RETURN TO: | SUBMITTED BY: <br> SIMPLIFILE <br> 4844 North 300 West, Suite 202 <br><br> PROVO ,UT  84604 |
|---|---|

| PRIMARY NAME | SECONDARY NAME |
|---|---|
| JPMORGAN CHASE BANK NA | BESSETTE DEBRA |

| ADDITIONAL PRIMARY NAMES | ADDITIONAL SECONDARY NAMES |
|---|---|
| | |

**MARGINAL REFERENCES: File Number:    Volume:    Page:**

DOCUMENT DATE: 01/10/2020
MUNICIPALITY:
LOT:
BLOCK:

FEES/ TAXES:

| | |
|---|---|
| RECORDING FEE | $20.00 |
| STATE RECORDING FEE | $5.00 |
| COUNTY RECORDING FEE | $5.00 |
| MARGINAL NOTATION-COUNTY | $5.00 |
| MARGINAL NOTATION-STATE | $5.00 |
| | |
| NPNR | $0.00 |
| Basic County | $0.00 |
| Basic State | $0.00 |
| PHPF | $0.00 |
| Extra-Aide | $0.00 |
| Gen-Purpose | $0.00 |
| Mansion-Tax | $0.00 |

**Total: $ 40.00**

INSTRUMENT#: 2020009977
Recorded Date: 01/29/2020

I hereby CERTIFY that this document is recorded
in the Clerk's Office in Bergen County, New
Jersey.

John S. Hogan
Bergen County Clerk

V 3481-1536

Recording Fees: $40.00
Realty Transfer Tax Fees:  $0.00
Consideration: $ 0.00

## OFFICIAL RECORDING COVER PAGE

Page 1 of 1

# __PLEASE DO NOT DETACH__
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

McCalla Raymer Leibert Pierce, LLC
485F US Highway 1 S, Suite 300
Iselin, NJ 08830
P:732-902-5399
F:732-902-5398
Attorneys for Plaintiff
Firm File No. 9926-5560

| | |
|---|---|
| JPMorgan Chase Bank, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> Debra Bessette, et al., <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION <br> BERGEN COUNTY <br><br> DOCKET NO. F-015243-18 <br><br> Civil Action <br><br> **DISCHARGE OF NOTICE** <br> **OF LIS PENDENS** |

TO THE COUNTY CLERK OF THE COUNTY OF BERGEN

   THIS IS TO CERTIFY that, WHEREAS, a certain Lis Pendens was filed on 08/23/2018, in the office of

the County Clerk of Bergen in the above entitled action and recorded in Book V3036, Page 2195, as File No.

063004, which references a Mortgage recorded on October 2, 2007, in Book 17009, Page 104; and

   WHEREAS, the matter in dispute has been amicably resolved between the parties, and, therefore, the

said Lis Pendens should be discharged of record;

   NOW, THEREFORE, the County Clerk of Bergen County is hereby authorized, empowered and directed

to discharge the said Lis Pendens, and this shall be sufficient Warrant to do so.

Dated: January 10, 2020                By: _Shari Seffer_
                                           Shari Seffer
                                           McCalla Raymer Leibert Pierce, LLC
                                           Attorneys for Plaintiff,
                                           JPMorgan Chase Bank, N.A.


STATE OF NEW JERSEY, COUNTY OF MIDDLESEX, SS:

I CERTIFY that on _01/10/2020_ ,
_Shari Seffer_  personally came before me and stated
to my satisfaction that this person (or if more than one, each person):

   (a) was the maker of the attached instrument; and
   (b) executed this instrument as his or her own act

_Diana Search_
Print Name: Diana Search
Attorney At Law State of New Jersey

John S. Hogan
Bergen County Clerk

Bergen County Clerk
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/



INSTRUMENT # 19-085763

V 03433 1623

RECORDED DATE: 12/10/2019 11:16:18 AM

| | |
|---|---|
| Document Type: Court Order | Transaction #: 9316748 |
| | Document Page Count: 2 |
| | Operator Id: CLERK |

**RETURN TO:**
MCCALLA RAYMER LEIBERT PIERCE, LLC
485 ROUTE 1 SOUTHBLDG F, SUITE 300
ISELIN NJ 08830
ERECORDED

**SUBMITTED BY:**
McCalla Raymer Leibert Pierce, LLC

(732) 692-2081

**PRIMARY NAME**
DEBRA BESSETTE

**SECONDARY NAME**
JPMORGAN CHASE BANK NA

**ADDITIONAL PRIMARY NAMES**
MICHAEL BESSETTE
NEW CENTURY FINANCIAL SERVICES

**ADDITIONAL SECONDARY NAMES**

**MARGINAL REFERENCES:** MTGE 17009 0104

DOCUMENT DATE: 01/16/2019
MUNICIPALITY: PARAMUS

FEES / TAXES:
Recording Fee: Court Order $40.00
Additional Pages Fee $10.00
Homeless Trust Fund - Bergen County $3.00
Total: $53.00

INSTRUMENT #: 19-085763
Recorded Date: 12/10/2019 11:16:18 AM

I hereby CERTIFY that this document is recorded
in the Clerk's Office in Bergen County, New
Jersey.

John S. Hogan
John S. Hogan
Bergen County Clerk

Recording Fees: $53.00
Realty Transfer Tax Fees: $0.00

## OFFICIAL RECORDING COVER PAGE

Page 1 of 3

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

V3433-1623

Record & Return to:

Kristen Bleiweis - 015802007
McCalla Raymer Leibert Pierce, LLC
485F US Highway 1 S, Suite 300
Iselin, NJ 08830
P: 732-902-5399
F: 732-902-5398
Attorneys for Plaintiff
MRLP File No. 9926-5560



| | |
|---|---|
| JPMorgan Chase Bank, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> Debra Bessette and Michael Bessette, wife and husband; and New Century Financial Services, Inc., <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION <br> BERGEN COUNTY <br><br> DOCKET NO.: F-015243-18 <br><br> Civil Action <br><br> **ORDER REFORMING MORTGAGE TO INCLUDE THE LEGAL DESCRIPTION AS SET FORTH IN THE THIRD COUNT OF THE COMPLAINT** |

THIS MATTER having been opened to the Court by McCalla Raymer Leibert Pierce, LLC, attorneys for Plaintiff, JPMorgan Chase Bank, N.A., and with it appearing that the legal description attached to the Mortgage is outdated and cannot be confirmed, and for good cause shown; it is hereby Ordered:

On this 16th day of January, 2019.

1. The Plaintiff's Mortgage, recorded in the Bergen County Clerk's Office on October 2, 2007, in Book 17009, Page 104, is hereby reformed to include the legal description as set forth herein; and

2. That Counsel may obtain a Certified Copy of the Order suitable for recordation in the County Register/Clerk's Office, and

3. That the Plaintiff's counsel shall serve a copy of this order on defendants, Debra Bessette and Michael Bessette, wife and husband, and any other parties or counsel appearing in this matter, within ten (10) days of counsel's receipt of the Order.

Certified to be a true
copy of the original on
file in the Superior Court
Clerk's Office

*Michelle M. Smith*

Michelle M. Smith, Esq.
Clerk of Superior Court

*/s/ Edward A. Jerejian, P.J.Ch.*

Hon. Edward A. Jerejian, P.J.Ch.

Respectfully Recommended
R. 1:34-6 Office of Foreclosure    9926-5560

Description of property located in the Borough of Paramus, Bergen County, New Jersey.

Beginning at a point in the southeasterly sideline of Cedar Street, said point being distant 105.08 feet measured southwesterly along the aforementioned sideline of Cedar Street from its intersection with the southwesterly sideline of Midland Avenue, and from said beginning point running,

Thence, (1) South 65 degrees 15 minutes East, +/- 161 feet to a center of brook,

Thence, (2) Along said center of brook, +/- 65 feet,

Thence, (3) North 65 degrees 15 minutes West, +/- 139 feet from center of brook to a rebar found in the said sideline of Cedar Street,

Thence, (4) Along said sideline, North 27 degrees 05 minutes 05 seconds East, 60.00 feet to the point and place of BEGINNING.

Being in accordance with a survey prepared by KTJ Associates, Neshanic Station, N.J. dated June 21, 2018.

Being Lot 4, Block 5818 on the Borough of Paramus Tax Map.

The Mortgaged Premises is commonly known as 416 Cedar Street, Paramus, NJ 07652, with a mailing address of 416 Cedar Avenue, Paramus, NJ 07652, and is further described as Lot 4, Block 5818 on the Tax Map of the Borough of Paramus.

The metes and bounds description, as provided above was taken from a survey that was prepared by KTJ Associates, LLC, Neshanic Station, NJ dated June 21, 2018. Although the legal description is consistent throughout the chain of title, the last survey was completed in 1939. Therefore, the accuracy of the legal description contained in Plaintiff's Mortgage cannot be confirmed, and therefore, the above legal description is used herein to describe the Mortgaged Premises.



9926-5560





INSTRUMENT # 17-001403

V 02492 0909

RECORDED DATE: 01/05/2017 09:53:15 AM

John S. Hogan
Bergen County Clerk

Bergen County Clerk
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/

| Document Type: Tax Sale Certificate | Transaction #: | 7392074 |
| | Document Page Count: | 2 |
| | Operator Id: | CLERK |

| RETURN TO: | SUBMITTED BY: |
| EFFECT LAKE LLC | |
| 1350 BEVERLY ROAD | |
| SUITE 115 316 | |
| MCLEAN VA 22101 | |

| PRIMARY NAME | SECONDARY NAME |
| DEBRA BESSETTE | EFFECT LAKE LLC |

ASSOCIATED DOCUMENT(S):

| MUNICIPALITY: PARAMUS | INSTRUMENT #: 17-001403 |
| CONSIDERATION AMT: $5,862.71 | Recorded Date: 01/05/2017 09:53:15 AM |
| LOT: 4 | |
| BLOCK: 5818 | I hereby CERTIFY that this document is recorded in the Clerk's Office in Bergen County, New Jersey. |
| FEES / TAXES: | |
| Recording: $43.00 |  |
| Total: $43.00 | John S. Hogan |
| | Bergen County Clerk |

## OFFICIAL RECORDING COVER PAGE

Page 1 of 3

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

V2492-909

JM

# CERTIFICATE OF SALE
## FOR UNPAID MUNICIPAL LIENS

```
┌─────────────────────────┐
│      ˙ ˙CERTIFICATE ˙     │
│   No.15-00006            │
└─────────────────────────┘
```

I, SHERYL ANN BIONDI , COLLECTOR OF TAXES of the taxing district of the
BOROUGH         of PARAMUS                                    in
the COUNTY of   BERGEN                           and State of New Jersey, do hereby certify that on
the    13th    day of December                           2016        at a public sale of lands for
delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements
thereto I sold to EFFECT LAKE LLC

whose address is 1350 BEVERLY ROAD
                 SUITE 115-316, MCLEAN, VA 22101
for   Five Thousand Eight Hundred Sixty Two                    dollars and Seventy One     cents, the land
in said taxing district described as Block No.   5818        Lot No.   4
and known as   416 CEDAR ST                                                    , on the tax
duplicate thereof and assessed thereon to BESSETTE, DEBRA

## THE AMOUNT OF THE SALE WAS MADE UP OF THE FOLLOWING ITEMS:

| | AMOUNT | INTEREST | TOTAL |
|---|---|---|---|
| Taxes For: 2015 | | | |
| *Recorder Return to: Effect Lake LLC* 4,822.13 | 865.58 | 5,687.71 |
| *1350 Beverly Road* | | | |
| *Suite 115-316* | | | |
| Assessments For Improvements *McLean, VA 22101* | | | |

```
17-001403   Tax Sale Certificate
V Bk: 02492 Pg: 0909-0911  Rec. Fee $43.00
John S. Hogan, Bergen County Clerk
Recorded 01/05/2017 09:53:15 AM
```

| | | | |
|---|---|---|---|
| Total Cost of Sale | 175.00 | | 175.00 |
| Total | | | 5,862.71 |
| Premium (if any) Paid | 26,600.00 | | |

Said sale is subject to redemption on repayment of the amount of sale, together with interest at the rate of
0.00 per centum per annum from the date of sale, and the costs incurred by the purchaser as defined by
statute. The sale is subject to municipal charges accruing after       December    31    2015
municipal authority charges accruing after          December    31    2015       and assessment
installments not yet due, amounting to           0.00                          dollars and interest thereon.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 16th  day of  December      2016

STATE OF NEW JERSEY
COUNTY OF: BERGEN                          *Sheryl Ann Biondi*                    SEAL
                                           SHERYL ANN BIONDI              , COLLECTOR OF TAXES

BE IT REMEMBERED, that on this 16th                    day of December    2016         before me a
Notary Public           of New Jersey, personally appeared SHERYL ANN BIONDI
the Collector of Taxes of the taxing district of BOROUGH OF PARAMUS         in the County of     BERGEN
who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the
contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and
purposes therein expressed.

Prepared By: *Sheryl Ann Biondi*                    *Celina Cheo*   CELINA CHEO
             SHERYL ANN BIONDI              , PREPARER     CELINA CHEO NOTARY PUBLIC OF NEW JERSEY
                                                           MY COMMISSION EXPIRES MARCH 9, 20__  , NOTARY PUBLIC

NOTE: NJSA 46:15-3 requires that all signatures appearing on the certificate, those of the collector, the Notary Public who takes this
acknowledgement, and the preparer shall be printed, typed or stamped underneath such signature the name of the person that signed.

DLGS Rev. 1098                                                                    , FORMS-SYSTEMS
Bergen County Clerk          V BK 02492 PG 0910        01/05/2017 09:53 AM          2 of 3

## AUTHORIZATION FOR CANCELLATION OF RECORD BY MUNICIPALITY

The within certificate has been duly paid and satisfied and the County Recording Officer is hereby authorized to cancel the same of record. _____

Name of Municipality

BY: _____   ATTEST: _____

Mayor                                               Municipal Clerk

(NJSA 46:18-6 & 54: 5-55)

Seal of Municipality to be affixed

*(rotated sideways text - Tax Sale Certificate)*

No. 15-00006

Tax Sale Certificate

Collector of Taxes

Municipality of Paramus

County, New Jersey

To Preak Lake LLC

Municipality of Paramus

Entered ____ Compared ____ Checked ____

Received in the Register Office of the County of ____ New Jersey

on the ____ day of ____ A.D. 20__ , at ____ o'clock in the ____ noon and for said

Recorded in Book ____ County on Pages ____

## AUTHORIZATION FOR CANCELLATION OF RECORD BY A PRIVATE CORPORATION

The within certificate has been fully paid and satisfied and the County Recording Officer is hereby authorized to cancel the same of record. _____

Name of Corporation

BY: _____   ATTEST: _____

President                                            Secretary

Corporate Seal to be affixed

## AUTHORIZATION FOR CANCELLATION OF RECORD BY AN INDIVIDUAL

The within certificate has been fully paid and satisfied and the County Recording Officer is hereby authorized to cancel the same of record.

The above signature is certified to as genuine.

_____   _____

A Notary Public of New Jersey                            Signature of Holder of Certificate

Bergen County Clerk       BK 02492 PG 0911       01/05/2017 09:53 AM     3 of 3     ** End of Document **

John S. Hogan
Bergen County Clerk



Bergen County Clerk
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/

INSTRUMENT # 19-002801.01

V 03153 0291

RECORDED DATE: 01/10/2019 03:55:55 PM

| | |
|---|---|
| **Document Type:** Tax Sale Certificate | Transaction #: 9198878 |
| | Document Page Count: 3 |
| | Operator Id: CLERK |

| RETURN TO: | SUBMITTED BY: |
|---|---|
| D1 SOFTBALL CLINIC LLC<br>20 GLENSIDE TERRACE<br>MONTVALE NJ 07043 | |

| PRIMARY NAME | SECONDARY NAME |
|---|---|
| DEBRA BESSETTE | D1 SOFTBALL |
| **ADDITIONAL PRIMARY NAMES** | **ADDITIONAL SECONDARY NAMES** |
| | D1SOFTBALL |

**MARGINAL REFERENCES:**

DOCUMENT DATE: 12/07/2018
MUNICIPALITY: PARAMUS
LOT: 4
BLOCK: 5618
GRANTEE ADDRESS: NA
      NJ

FEES / TAXES:
    Recording Fee: Tax Sale Certificate   $30.00
    Additional Pages Fee   $20.00
    Homeless Trust Fund - Bergen County   $3.00
Total:   $53.00

INSTRUMENT #: 19-002801.01
Recorded Date: 01/10/2019 03:55:55 PM

I hereby CERTIFY that this document is recorded in the Clerk's Office in Bergen County, New Jersey.

*John S. Hogan*

John S. Hogan
Bergen County Clerk

Recording Fees: $53.00
Realty Transfer Tax Fees: $0.00

## OFFICIAL RECORDING COVER PAGE

# <u>PLEASE DO NOT DETACH</u>

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

V3153- 291

5          98

3/53

*Official Use Only - Barcode*

19-002801.01 Tax Sale Certificate
V Bk: 03153 Pg: 0291-0294   Rec. Fee $53.00
John S. Hogan, Bergen County Clerk
Recorded 01/10/2019 03:55:55 PM

*Official Use Only – Realty Transfer Fee*

| Date of Document: | Type of Document: |
|---|---|
| 12/7/2018 | certificate of sale |

| First Party Name: | Second Party Name: |
|---|---|
| DI softball clinic | Mike Goldstein |

Additional Parties:

---

**THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY**

Block:                                   Lot:

Municipality:

Consideration:                    /

Mailing Address of Grantee:

---

**THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGE INFORMATION FOR ASSIGNMENTS,**
**RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY**

Original Book:                          Original Page:

# CERTIFICATE OF SALE

## FOR UNPAID MUNICIPAL LIENS

I, SHERYL A. BIONDI _____ , COLLECTOR OF TAXES of the taxing district of the

_____ BOROUGH _____ of PARAMUS _____ in the COUNTY of BERGEN _____ and State of New Jersey, do hereby certify that on the 7th _____ day of December _____ ,2018 _____ at a public sale of lands for delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements thereto I sold to D1SOFTBALL

whose address is 20 GLENSIDE TERRACE, MONTCLAIR, NJ 07043

for Six Thousand Four Hundred Two _____ dollars and Forty Four _____ cents, the land in said taxing district described as Block No. 5818 _____ Lot No. 4 _____ , on the tax and known as 416 CEDAR ST duplicate thereof and assessed thereon to BESSETTE, DEBRA

## THE AMOUNT OF THE SALE WAS MADE UP OF THE FOLLOWING ITEMS:

| | AMOUNT | INTEREST | TOTAL |
|---|---|---|---|
| Taxes For: 2017 | 5,167.68 | 1,084.76 | 6,252.44 |
| Assessments For Improvements | | | |
| Total Cost of Sale | 150.00 | | 150.00 |
| Total | | | 6,402.44 |
| Premium (if any) Paid | 17,100.00 | | |

Said sale is subject to redemption on repayment of the amount of sale, together with interest at the rate of 0.00 per centum per annum from the date of sale, and the costs incurred by the purchaser as defined by statute. The sale is subject to municipal charges accruing after December 31 2017 ; municipal authority charges accruing after December 31 2017 and assessment installments not yet due, amounting to 0.00 dollars and interest thereon.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 10th day of December 2018

STATE OF NEW JERSEY
COUNTY OF: BERGEN

_Sheryl M Biondi_
(SHERYL A. BIONDI , COLLECTOR OF TAXES

BE IT REMEMBERED, that on this 10th _____ day of December _____ 2018 _____ before me a Notary Public of New Jersey, personally appeared SHERYL A. BIONDI in the County of BERGEN the Collector of Taxes of the taxing district of BOROUGH OF PARAMUS who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

Prepared By _Sheryl M Biondi_ _Celina Checo_
SHERYL A. BIONDI , PREPARER CELINA CHECO , NOTARY PUBLIC

CELINA CHECO
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 10, 2019

NOTE: NJSA 46:15-3 requires that all signatures appearing on the certificate, those of the acknowledgement, and the preparer shall be printed, typed or stamped underneath such signature the name of the person that signed.

AUTHORIZATION FOR CANCELLATION OF RECORD BY MUNICIPALITY

The within certificate has been duly paid and satisfied and the County Recording Officer is hereby authorized to cancel the same of record. _____

Name of Municipality

BY: _____     ATTEST: _____
              Mayor                                      Municipal Clerk

(NJSA 46:18-6 & 54: 5-55)

Seal of Municipality to be affixed



AUTHORIZATION FOR CANCELLATION OF RECORD BY A PRIVATE CORPORATION

The within certificate has been fully paid and satisfied and the County Recording Officer is hereby authorized to cancel the same of record. _____

Name of Corporation

BY: _____     ATTEST: _____
              President                                      Secretary

Corporate Seal to be affixed

AUTHORIZATION FOR CANCELLATION OF RECORD BY AN INDIVIDUAL

The within certificate has been fully paid and satisfied and the County Recording Officer is hereby authorized to cancel the same of record.
The above signature is certified to as genuine.

_____          _____
A Notary Public of New Jersey                Signature of Holder of Certificate