DannLaw
Javier L. Merino, Esq.
Attorneys for Debtor
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Phone: 216-373-0539
Fax: 216-373-0536
notices@dannlaw.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| IN RE: | CHAPTER 13 |
|---|---|
| Michael Charles Bessette, | CASE NO. 19-13683-JKS |
| Debtor | **ATTORNEY REPLY CERTIFICATION IN RESPONSE TO OPPOSITION TO MOTION TO PERMIT LATE PROOF OF CLAIM, OR, IN THE ALTERNATIVE, TO REINSTATE AND AMEND CLAIM NO. 10** |

I, Javier L. Merino hereby certify as follows:

1. I am an attorney at the law firm of DannLaw.

2. I am representing the Debtor, Michael Charles Bessette ("Debtor") in the instant bankruptcy matter.

3. I submit this Reply Certification in Response to D1 Softball LLC's ("D1 Softball") Opposition to Debtor's Motion to Permit Late Proof of Claim, or in the Alternative, to Reinstate and Amend Claim No. 10 (the "Motion").

4. The Debtor resides in his home along with his wife, Debra Bessette (the "Home"). Mrs. Bessette is the titled owner of the Home.

5. The Debtor's Motion seeks leave to permit the late filing of a claim on behalf of D1 Softball, an entity who acquired a property tax sale certificate on his Home due to delinquent property taxes.

6. Through the Motion, the Debtor first contended that the *Pioneer Inv. Servs. Co v. Brunswick Assoc. L.P.* facts each weighed in favor of the Debtor's request to file a late claim on

behalf of D1 Softball. D1 Softball's Opposition did not dispute this contention

7. Notably, D1 Softball's Opposition does not substantively dispute that the Debtor has a joint possessory interest in the Home under N.J.S.A. 3B:28 by virtue of his marriage to and residence with Mrs. Bessette. Instead, D1 Softball's Opposition rests entirely on the premise that because the Debtor is not on the deed to the Home, the Home is not property of the Debtor's estate under 11 U.S.C. ¶ 541, and therefore, he has no ownership interest in the Property that would entitle him to make payments on the tax sale certificate through the Chapter 13 plan. D1 Softball's argument fails.

8. As outlined in Debtor's moving papers, his "right to joint possession under N.J.S.A. 3B:28-3 is a form of property interest in the [Home]." *In re Rosa*, 261 B.R. 136, 139 (Bankr. D.N.J. 2001).

9. The Third Circuit has held that "a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362." *In re Atlantic Bus. & Community Corp.*, 901 F.2d 327, 328 (3d Cir. 1990); *see also* 11 U.S.C. § 541 note (Revision Notes and Legislative Reports 1978 Acts) (hereinafter "541 Legislative History") ("The debtor's interest in property includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example.")

10. This interest extends well beyond merely the right to possess the property. "The statute confers a right, which is more substantial than a mere right to live in the marital dwelling." *Prop. Asset Mgmt. v. Momanyi*, No. A-2713-09T2, 2011 N.J. Super. Unpub. LEXIS 2399, at *14 (App. Div. Sep. 14, 2011) (internal quotation omitted). The Internal Revenue Service has recognized "[t]he right of joint possession of property occupied as a principal matrimonial residence under N.J.S.A. § 3B:28-3 is property or a right to property to which a federal tax lien attaches under I.R.C. section 6321." 2010 IRS CCA LEXIS 313, *1 (I.R.S. July 26, 2010).

11. The New Jersey Supreme Court has further recognized that the right to joint possession also confers the rights of an aggrieved taxpayer within the meaning of N.J.S.A. 54:3-21. *See Prime Accounting Dep't v. Twp. of Carney's Point*, 212 N.J. 493, 506 (2013) ("However, the

definition of an aggrieved taxpayer has been expanded to include certain parties who do not own the property in question but have an interest in the property...")

12. Accordingly, "[s]ince the right of joint possession is in economic terms a right to share in the value of the titleholder's interest", *In re Cohen*, 263 B.R. 724, 727 (Bankr. D.N.J. 2001), D1 Softball's Tax Sale Certificate is a claim against the Debtor's estate which should be paid through the Chapter 13 Plan, even though the Debtor is not on the deed to the Home.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to further action.

DATED: January 10, 2022

/s/ Javier L .Merino
Javier L. Merino, Esq.