UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
3131 Princeton Pike
Building 5, Suite 110
Lawrenceville, New Jersey 08648
(609) 890-1500
(609) 8980-6961 - facsimile
bwh@hofmeisterfirm.com
Attorneys for D1 Softball, LLC

In Re:

MICHAEL CHARLES BESSETTE

Case No.: 19-13683

Chapter 13

Judge: JKS

**OPPOSITION TO DEBTOR'S MOTION OF DEBTOR'S OBJECTION TO PROOF OF CLAIM #11 FILED BY D1 SOFTBALL, LLC**

D1 Softball, LLC ("D1") ad Robert A. Del Vecchio, LLC ("Del Vecchio"), by and through their counsel, Law Firm of Brian W. Hofmeister, LLC, file the within Opposition to Debtor's Motion of Debtor's Objection to Proof of Claim #11 Filed by D1 Softball, LLC ("Motion").

1. The proof of claim form filed by D1 was the proper form of claim as D1 holds a secured real estate tax lien and not a mortgage lien. The form that the Debtor attaches to his Motion is for mortgage lien holders and not tax lien holders.

2. The proof of claim filed by D1 attaches a detailed calculation of interest provided by the Tax Collector of the Borough of Paramus, who routinely calculates interest on tax liens on a daily basis and fully understands the method for calculating interest under N.J.S.A §54:4-67. See D1's proof of claim attached hereto as Exhibit "A" and lien redemption worksheet prepared by the Borough of Paramus attached hereto as Exhibit "B".

3. Debtor's counsel was provided with a copy of the lien redemption worksheet along with the applicable statute in an email from Brian W. Hofmeister, Esquire. See Exhibit "C" attached hereto.

4. Simply put, the proof of claim filed by D1 correctly applies the proper interest calculations based upon N.J.S.A §54:4-67 as calculated by the Tax Collector of the Borough of Paramus.

5. Accordingly, it is respectfully requested that the Debtor's Motion of Debtor's Objection to Proof of Claim #11 Filed by D1 Softball, LLC be denied.

                                                            LAW FIRM OF BRIAN W. HOFMEISTER, LLC
                                                            Counsel for D1 Softball, LLC and
                                                            Robert A. Del Vecchio, LLC


By: */s/Brian W. Hofmeister*
      Brian W. Hofmeister

Dated: March 4, 2022

# EXHIBIT "A"

**U.S. Bankruptcy Court**

**District of New Jersey**

Notice of Electronic Claims Filing

The following transaction was received from Hofmeister, Brian on 2/2/2022 at 2:44 PM EST

File another claim
| | |
|---|---|
| **Case Name:** | Michael Charles Bessette |
| **Case Number:** | 19-13683-JKS |
| **Creditor Name:** | D1 Softball, LLC<br>41 Watchung Plaza<br>Suite 520<br>Montclair, NJ 07042 |
| **Claim Number:** | 11   Claims Register |

**Amount Claimed:** $16692.53
**Amount Secured:** $16692.53
**Amount Priority:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** proof of claim.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=2/2/2022] [FileNumber=59219315-0
] [3354f0bab28662b08a5702b44d2978481dde961aacb276fbfcbc5528905a4a2764d
d4214caa563a7a870689a26e5f5b58ea74a6a9ab21df978c805da86ced817]]
**Document description:** Exhibit
**Original filename:** C:\fakepath\exhibit to poc 2-2-22.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=2/2/2022] [FileNumber=59219315-1
] [143b72549096c2442b63324f775a62e622ea1a21f68fdb0b09dc88bbcd2229f1bcb
019492785e8018282d3479e8a96d25ddef110ffd531055bb708fd0cf77b70]]

**19-13683-JKS Notice will be electronically mailed to:**

Denise E. Carlon on behalf of Creditor Toyota Motor Credit Corporation
dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Marie-Ann Greenberg
magecf@magtrustee.com

Brian W. Hofmeister on behalf of Creditor D1 Softball, LLC
bwh@hofmeisterfirm.com, j119@ecfcbis.com

Melissa N. Licker on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
mlicker@hillwallack.com, HWBKnewyork@ecf.courtdrive.com

Melissa N. Licker on behalf of Creditor JPMorgan Chase Bank, National Association
mlicker@hillwallack.com, HWBKnewyork@ecf.courtdrive.com

Kevin Gordon McDonald on behalf of Creditor Toyota Motor Credit Corporation
kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com

Javier L. Merino on behalf of Debtor Michael Charles Bessette
jmerino@dannlaw.com,
notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;9497659420@filings.docketbird.com;Amy@DannLaw.com

Javier L. Merino on behalf of Plaintiff Michael Charles Bessette

jmerino@dannlaw.com,
notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;9497659420@filings.docketbird.com;Amy@DannLaw.com

John R. Morton, Jr. on behalf of Creditor Santander Consumer USA Inc.
ecfmail@mortoncraig.com, mortoncraigecf@gmail.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**19-13683-JKS Notice will not be electronically mailed to:**

Susan B. Fagan-Rodriguez on behalf of Creditor D1 Softball, LLC
Susan B. Fagan-Rodriguez, ESQ.
14 Elm Street
Morristown, NJ 07960

Synchrony Bank c/o PRA Receivables Management, LLC
PO BOX 41021
Norfolk, VA 23541

**Fill in this information to identify the case:**

Debtor 1: MICHAEL CHARLES BESSETTE

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: District of New Jersey

Case number: 19-13683-JKS

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

D1 Softball, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

D1 Softball, LLC
Name

41 Watchung Plaza, Suite 520
Number    Street

Montclair    NJ    07042
City    State    ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number    Street _____

City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

| | | |
|---|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** | |
| 6. Do you have any number you use to identify the debtor? | ☑ No ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ | |
| 7. How much is the claim? | $_____16,692.53. Does this amount include interest or other charges? ☐ No ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. tax sale certificate | |
| 9. Is all or part of the claim secured? | ☐ No ☑ Yes. The claim is secured by a lien on property. **Nature of property:** ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*. ☐ Motor vehicle ☐ Other. Describe: _____ **Basis for perfection:** tax sale certificate Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) **Value of property:** $_____ **Amount of the claim that is secured:** $_____ **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) **Amount necessary to cure any default as of the date of the petition:** $_____ **Annual Interest Rate** (when case was filed)_____% ☐ Fixed ☐ Variable | |
| 10. Is this claim based on a lease? | ☑ No ☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ | |
| 11. Is this claim subject to a right of setoff? | ☑ No ☐ Yes. Identify the property: _____ | |

Official Form 410            Proof of Claim            page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3: Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01 / 27 / 2022
                  MM    DD    YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name: David Krischer
    First name    Middle name    Last name

Title: _____

Company: D1 Softball, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 41 Watchung Plaza, Suite 520
    Number    Street
Montclair                            NJ    07042
    City                             State   ZIP Code

Contact phone _____    Email _____

MICHAEL CHARLES BESSETTE
CASE NO. 19-13683-JKS
EXHIBIT TO PROOF OF CLAIM

| | |
|---|---|
| Tax Sale Certificate: | $6,352.44 |
| Subsequent Taxes: | $7,147.72 |
| Statutory Interest: | $ 183.70 |
| Amortized Interest over 49 months: | $2,996.67 |
| Search fee: | $   12.00 |
| Total: | $16,692.53 |

# CERTIFICATE OF SALE
## FOR UNPAID MUNICIPAL LIENS

**CERTIFICATE**
**No. 17-00007**

I, SHERYL A. BIONDI, COLLECTOR OF TAXES of the taxing district of the BOROUGH of PARAMUS in the COUNTY of BERGEN and State of New Jersey, do hereby certify that on the 7th day of December, 2018 at a public sale of lands for delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements thereto I sold to **01SOFTBALL**

whose address is 20 GLENSIDE TERRACE, MONTCLAIR, NJ 07043

for **Six Thousand Four Hundred Two** dollars and **Forty Four** cents, the land in said taxing district described as Block No. **5818**  Lot No. **4**, and known as **416 CEDAR ST**, on the tax duplicate thereof and assessed thereon to **BESSETTE, DEBRA**

## THE AMOUNT OF THE SALE WAS MADE UP OF THE FOLLOWING ITEMS:

|  | AMOUNT | INTEREST | TOTAL |
|---|---|---|---|
| Taxes For: 2017 | 5,167.68 | 1,084.76 | 6,252.44 |
| Assessments For Improvements |  |  |  |
| Total Cost of Sale | 150.00 |  | 150.00 |
| Total |  |  | 6,402.44 |
| Premium (if any) Paid | 17,100.00 |  |  |

Said sale is subject to redemption on repayment of the amount of sale, together with interest at the rate of **0.00** per centum per annum from the date of sale, and the costs incurred by the purchaser as defined by statute. The sale is subject to municipal charges accruing after **December 31 2017**; municipal authority charges accruing after **December 31 2017** and assessment installments not yet due, amounting to **0.00** dollars and interest thereon.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this **10th** day of **December 2018**

STATE OF NEW JERSEY
COUNTY OF: BERGEN

_signature_
SHERYL A. BIONDI, COLLECTOR OF TAXES

BE IT REMEMBERED, that on this **10th** day of **December 2018**, before me a Notary Public of New Jersey, personally appeared SHERYL A. BIONDI the Collector of Taxes of the taxing district of BOROUGH OF PARAMUS in the County of BERGEN who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

Prepared By: _signature_
SHERYL A. BIONDI, PREPARER      CELINA CHECO, NOTARY PUBLIC

CELINA CHECO
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 31, 2020

NOTE: NJSA 46:15-3 requires that all signatures appearing on the certificate, those of the person who takes this acknowledgement, and the preparer shall be printed, typed or stamped underneath such signature the name of the person that signed.

DLGS Rev. 10/89                                                      MQL FORMS SYSTEMS  TC82

# Calculated Yield for Redemption Date 2/22/2019

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| County: | Bergen | | | Block - Lot: | 5818-4 | | |
| Municipality: | Paramus Borough | | | Property Location: | 416 Cedar Ave | | |
| Tax Rate: | 1.665 | | | Owner: | BESSETTE DEBRA | | |
| Tax Rate Year: | 2011 | | | Certificate #: | | | |
| 6% Year End Penalty: | ☐ | Interest Excluded: ☐ | | Interest Rate: | 0% | | |

**Investment**

| Payment Type | Payment Date | Amount Paid | Notes |
|---|---|---|---|
| Certificate Amount | 12/7/2018 | $6,352.44 | Certificate Amount |
| Premium | 12/7/2018 | $17,100.00 | |
| Subsequent Taxes | 12/20/2018 | $5,749.70 | subsequent tax 4th quarter 2018 |
| Subsequent Taxes | 2/14/2019 | $1,397.02 | subsequent taxes 1st quarter 2019 |
| Subsequent Taxes | 11/13/2019 | $1.00 | home owner paid |
| Subsequent Taxes | 2/10/2020 | $0.00 | homeowner paid |
| Total | | $30,600.16 | |

**Redemption**

| Payment Type | Payment Date | Amount Paid | Days | Interest | Penalty* | Total |
|---|---|---|---|---|---|---|
| Certificate Amount | 12/7/2018 | $6,352.44 | 75 | $0.00 | $254.10 | $6,606.54 |
| Search Fee | | $12.00 | | | | $12.00 |
| Subsequent Taxes | 12/20/2018 | $5,749.70 | 62 | $178.24 | | $5,927.94 |
| Subsequent Taxes | 2/14/2019 | $1,397.02 | 8 | $5.59 | | $1,402.61 |
| Subsequent Taxes | 11/13/2019 | $1.00 | -261 | ($0.13) | | $0.87 |
| Subsequent Taxes | 2/10/2020 | $0.00 | -348 | $0.00 | | $0.00 |
| SubTotal | | $13,512.16 | | $183.70 | $254.10 | $13,949.96 |
| Premium | | $17,100.00 | 75 | $0.00 | | $17,100.00 |
| Court Approved Foreclosure Fee | | $0.00 | | | | $0.00 |
| Total | 2/22/2019 | $30,612.16 | | $183.70 | $254.10 | $31,049.96 |

**Profit / Yield**  $449.80      1.47%

**Per Diem Rate**  $7.12

# EXHIBIT "B"

February 8, 2022 — BOROUGH OF PARAMUS — Page No: 1
03:52 PM — Lien Redemption Work Sheet - Certificate: 17-00007

Certificate: 17-00007  
Prop Loc: 416 CEDAR ST  
Owner: BESSETTE, DEBRA  
Address: 416 CEDAR ST  
PARAMUS NJ    07652  
Type of Lien: Outside  
Interest Rate: 0.00  
Apr 2: N  
Premium:    17,100.00  

Block/Lot/Qual: 5818.    4.  
Sale Date: 12/07/18  
Redemption Calculation Date: 02/08/22  
Include Current Charges: N  
Holder Name: D1SOFTBALL  
Address: 20 GLENSIDE TERRACE  
MONTCLAIR, NJ 07043  
Holder Id: 219  

## TAX SALE CERTIFICATE:

| Balance Type | Principal | Interest | Total |
|---|---|---|---|
| Tax | 5,167.68 | 1,084.76 | 6,252.44 |

Cost: 150.00  
Total Certificate: 6,402.44  
#Days: 1141   Per Diem:   0.000000   Int on Cert: 0.00  
Redemption Penalty ( 4.00 %): 256.10  
Total: 6,658.54  

## SUBSEQUENT CHARGES:

| Balance Type | Year | Prd | Date | Prin/Penalty | Interest Rate | Per Diem | #Days | Interest | Total |
|---|---|---|---|---|---|---|---|---|---|
| Tax | 2018 | 1 | 12/20/18 | 1,580.40 | 18.00 | 0.790200 | 1128 | 891.35 | 2,471.75 |
| Tax | 2018 | 2 | 12/20/18 | 1,359.83 | 18.00 | 0.679915 | 1128 | 766.94 | 2,126.77 |
| Tax | 2018 | 3 | 12/20/18 | 1,481.16 | 18.00 | 0.740580 | 1128 | 835.37 | 2,316.53 |
| Tax | 2018 | 4 | 12/20/18 | 1,328.31 | 18.00 | 0.664155 | 1128 | 749.17 | 2,077.48 |
| Tax | 2019 | 1 | 02/14/19 | 1,397.02 | 18.00 | 0.698510 | 1074 | 750.20 | 2,147.22 |
| | | | Total: | 7,146.72 | | | | 3,993.03 | 11,139.75 |

## BALANCE TYPE SUMMARY:

| | Certificate Total & Subseq. Prin/Penalty | Interest | Total |
|---|---|---|---|
| Certificate Tax | 6,252.44 | 0.00 | 6,252.44 |
| Subseq Tax | 7,146.72 | 3,993.03 | 11,139.75 |
| Total Tax | 13,399.16 | 3,993.03 | 17,392.19 |
| Certificate Cost | 150.00 | 0.00 | 150.00 |

## LIEN REDEMPTION:

Principal: 13,549.16  
Redemption Penalty ( 4.00 %): 256.10  
Interest: 3,993.03  
Recording Fees: 55.00  
Foreclosure Fees: 1,582.00  
Other Fees: 12.00  
TOTAL REDEMPTION: 19,447.29     Total Per Diem: 3.573360

# EXHIBIT "C"

# Brian Hofmeister

| | |
|---|---|
| **From:** | Brian Hofmeister |
| **Sent:** | Thursday, February 10, 2022 3:07 PM |
| **To:** | 'Javier Merino' |
| **Subject:** | FW: Message from PB-FinanceKonica458 |
| **Attachments:** | SPB-Finance22020817260.pdf; 54 4-67 interest rate 18%.doc |

Javier, in response to your email regarding the D1 Softball proof of claim and interest calculations, I would refer you to the attached lien redemption payoff from the Twp. Of Paramus showing that the subsequent tax liens purchased by my client are calculated at 18%. See also attached copy of NJSA 54:4-67 regarding the calculating of interest. Thank you.

*Brian W. Hofmeister, Esq.*

Brian W. Hofmeister, Esq.
Law Firm Of Brian W. Hofmeister
3131 Princeton Pike, Building 5, Suite 110
Lawrenceville, New Jersey 08648
(P)(609) 890-1500
(F)(609) 890-6961
bwh@hofmeisterfirm.com

1

February 8, 2022                  BOROUGH OF PARAMUS                  Page No: 1
03:52 PM                    Lien Redemption Work Sheet - Certificate: 17-00007

Certificate: 17-00007      Owner: BESSETTE, DEBRA      Type of Lien: Outside
Prop Loc: 416 CEDAR ST      Address: 416 CEDAR ST      Interest Rate: 0.00
                                          PARAMUS NJ  07652      Apr 2: N
                                                                             Premium:  17,100.00
Block/Lot/Qual: 5818.  4.
             Sale Date: 12/07/18      Holder Name: D1SOFTBALL      Holder Id: 219
Redemption Calculation Date: 02/08/22      Address: 20 GLENSIDE TERRACE
Include Current Charges: N                   MONTCLAIR, NJ 07043

TAX SALE CERTIFICATE:

| Balance Type | Principal | Interest | Total |
|---|---|---|---|
| Tax | 5,167.68 | 1,084.76 | 6,252.44 |

                                     Cost:    150.00
                     Total Certificate:            6,402.44
#Days: 1141  Per Diem:    0.000000      Int on Cert:               0.00
              Redemption Penalty ( 4.00 %):              256.10
                                    Total:            6,658.54

SUBSEQUENT CHARGES:

| Balance Type | Year | Prd | Date | Prin/Penalty | Interest Rate | Per Diem | #Days | Interest | Total |
|---|---|---|---|---|---|---|---|---|---|
| Tax | 2018 | 1 | 12/20/18 | 1,580.40 | 18.00 | 0.790200 | 1128 | 891.35 | 2,471.75 |
| Tax | 2018 | 2 | 12/20/18 | 1,359.83 | 18.00 | 0.679915 | 1128 | 766.94 | 2,126.77 |
| Tax | 2018 | 3 | 12/20/18 | 1,481.16 | 18.00 | 0.740580 | 1128 | 835.37 | 2,316.53 |
| Tax | 2018 | 4 | 12/20/18 | 1,328.31 | 18.00 | 0.664155 | 1128 | 749.17 | 2,077.48 |
| Tax | 2019 | 1 | 02/14/19 | 1,397.02 | 18.00 | 0.698510 | 1074 | 750.20 | 2,147.22 |
| | | | Total: | 7,146.72 | | | | 3,993.03 | 11,139.75 |

BALANCE TYPE SUMMARY:

|  | Certificate Total & Subseq. Prin/Penalty | Interest | Total |
|---|---|---|---|
| Certificate Tax | 6,252.44 | 0.00 | 6,252.44 |
| Subseq Tax | 7,146.72 | 3,993.03 | 11,139.75 |
| Total Tax | 13,399.16 | 3,993.03 | 17,392.19 |
| Certificate Cost | 150.00 | 0.00 | 150.00 |

LIEN REDEMPTION:

                    Principal:    13,549.16
Redemption Penalty ( 4.00 %):     256.10
                     Interest:     3,993.03
            Recording Fees:       55.00
           Foreclosure Fees:     1,582.00
                  Other Fees:       12.00
          TOTAL REDEMPTION:    19,447.29       Total Per Diem: 3.573360

**54:4-67 Discount for prepayment; interest for delinquency; exceptions.**
54:4-67. a. (1) The governing body of each municipality may by resolution fix the rate of discount to be allowed for the payment of taxes or assessments previous to the date on which they would become delinquent. The rate so fixed shall not exceed 6% per annum, shall be allowed only in case of payment on or before the thirtieth day previous to the date on which the taxes or assessments would become delinquent. No such discount shall apply to the purchaser of a total property tax levy pursuant to section 16 of P.L.1997, c.99 (C.54:5-113.5). The governing body may also fix the rate of interest to be charged for the nonpayment of taxes, assessments, or other municipal liens or charges, unless otherwise provided by law, on or before the date when they would become delinquent, and may provide that no interest shall be charged if payment of any installment is made within the tenth calendar day following the date upon which the same became payable. The rate so fixed shall not exceed 8% per annum on the first $1,500.00 of the delinquency and 18% per annum on any amount in excess of $1,500.00, to be calculated from the date the tax was payable until the date that actual payment to the tax collector is made.

(2)Notwithstanding the provisions of paragraph (1) of this subsection regarding delinquent payments, in the case of a municipality that has experienced a flood, hurricane, superstorm, tornado, or other natural disaster, interest shall not be charged by the municipality to a delinquent taxpayer if:

(a)a state of emergency has been declared as a result thereof by the Governor less than 30 days prior to the date upon which a property tax installment payment is payable pursuant to R.S.54:4-66 or section 2 of P.L.1994, c.72 (C.54:4-66.1), as appropriate, and

(b) the governing body of the municipality adopts a resolution providing that interest shall not be charged to a delinquent taxpayer if payment of the property tax installment is made on or before the first day of the next calendar month from the date upon which it became payable.

(3)The municipal clerk shall notify the Director of the Division of Local Government Services in the Department of Community Affairs of its adoption of the resolution not later than the third business day next following the municipal governing body's adoption of the resolution. If the municipality is under State supervision pursuant to the provisions of Article 4 of the "Local Government Supervision Act (1947)," P.L.1947, c.151 (C.52:27BB-54 et seq.), is subject to the provisions of the "Municipal Rehabilitation and Economic Recovery Act," P.L.2002, c.43 (C.52:27BBB-1 et al.), or is otherwise subject to a memorandum of understanding or similar agreement with the division as a condition of receiving supplemental State aid, the resolution shall not be effective unless it is approved by the director.

b.In any year when the governing body changes the rate of interest to be charged for delinquent taxes, assessments or other municipal charges, or to be charged for the end of the year penalty, the governing body, after adoption of a resolution changing the rate of interest, shall provide a notice to all taxpayers, prior to the date taxes are next due or with the tax bill, stating the new rate or rates to be charged and the date that the new rate or rates take effect. The notice may be separate from the tax bill. No change in the rate of interest or the end of year penalty shall take effect until the required notice has been provided in accordance with this subsection.

c.In municipalities that have sold their property tax levy pursuant to section 16 of P.L.1997, c.99 (C.54:5-113.5), the rate of interest to be charged for the nonpayment of taxes, assessments or other municipal liens or charges shall be the same interest or delinquency rate or rates otherwise charged by the municipality, to be calculated from the date the tax was payable until the date of actual

payment to the tax collector. The purchaser of the total property tax levy shall be paid only those amounts attributable to properties included in the total property tax levy purchase and actually collected by the tax collector and which amounts shall not include any delinquent interest collected by the municipal tax collector prior to the time that the total property tax levy purchaser makes the levy payment to the municipality.

d.Whenever the time period for a property tax installment payment has been extended pursuant to the provisions of subsection a. of this section, the Director of the Division of Local Government Services in the Department of Community Affairs may, by temporary order, extend the dates for payment of taxes by a municipality due to a county pursuant to R.S.54:4-74, any school district pursuant to R.S.54:4-75, and any other taxing district as provided by law.

"Delinquency" means the sum of all taxes and municipal charges due on a given parcel of property covering any number of quarters or years. The property shall remain delinquent, as defined herein, until such time as all unpaid taxes, including subsequent taxes and liens, together with interest thereon shall have been fully paid and satisfied. The delinquency shall remain notwithstanding the issuance of a certificate of sale pursuant to R.S.54:5-32 and R.S.54:5-46, the payment of delinquent tax by the purchaser of the total property tax levy pursuant to section 16 of P.L.1997, c.99 (C.54:5-113.5) and for the purposes of satisfying the requirements for filing any tax appeal with the county board of taxation or the State tax court. The governing body may also fix a penalty to be charged to a taxpayer with a delinquency in excess of $10,000 who fails to pay that delinquency as billed, prior to the end of the fiscal year. If any fiscal year delinquency in excess of $10,000 is paid by the holder of an outstanding tax sale certificate or a total property tax levy purchaser, the holder or purchaser, as appropriate, shall be entitled to receive the amount of the penalty as part of the amount required to redeem such certificate of sale providing the payment is made by the tax lien holder or tax levy purchaser prior to the end of the fiscal year. If the holder of the outstanding tax sale certificate or the levy purchaser, as appropriate, does not make the payment in full prior to the end of the fiscal year, then the holder or purchaser shall be entitled to a pro rata share of the delinquency penalty upon redemption, and the balance of the penalty shall inure to the benefit of the municipality. The penalty so fixed shall not exceed 6% of the amount of the delinquency with respect to each most recent fiscal year only.