# *LAW FIRM OF BRIAN W. HOFMEISTER, LLC*

3131 Princeton Pike
Building 5, Suite 110
Lawrenceville, New Jersey 08648
Phone - (609) 890-1500
Fax - (609) 890-6961
bwh@hofmeisterfirm.com

April 20, 2022

Honorable John K. Sherwood
United States Bankruptcy Court
For the District of New Jersey
50 Walnut Street, 3rd Floor
Newark, NJ 07102

    Re:    Michael Charles Bessette
                 Chapter 13, Case No. 19-13683-JKS

Dear Judge Sherwood:

Please accept this sur-reply letter brief in further support of D1 Softball, LLC's opposition to the Debtor's objection to D1 Softball, LLC's proof of claim number 11.

Debtor argues that interest should be charged at 8% interest on each year's delinquency up to $1,500.00 and at 18% thereafter. This issue was definitively resolved in 1994 by the amendments contained in P.L. 1994 c.32 §4. Pa15-16. The rate of interest for a tax sale certificate is fixed by N.J.S. 54:5-32, namely the rate bid at tax sale, here zero percent. The holder of the certificate may then pay subsequent taxes and interest is earned thereon as provided in N.J.S. 54:5-60 and N.J.S. 54:4-67 (interest at 18% on all delinquencies over $1,500.00). Here, the tax sale certificate was sold for $6,402.44, well over the $1,500.00 threshold, and interest accrues on all subsequent tax payments at the rate of eighteen percent.

As to the subsequent payments, "the amount required for redemption shall include all sums for municipal liens, and interest and costs thereon, actually paid by the holder of the tax title or his predecessor therein, together with interest on the amount so paid at the rate chargeable by the municipality..." N.J.S. 54:5-60. Thus, a certificate holder may pay "liens, interest, and costs" and receive interest thereon from the date of payment. The interest rate for these subsequent taxes is fixed by law. As indicated above, interest on subsequent taxes is at the rate chargeable by the municipality. N.J.S. 54:5-60. This rate is as

follows:

> The rate so fixed shall not exceed 8% per annum on the first $1,500.00 of the delinquency and 18% per annum on any amount in excess of $1,500.00, to be calculated from the date the tax was payable until the date that actual payment to the tax collector is made.
>
> N.J.S. 54:4-67(a) in pertinent part.

Meanwhile, the delinquency includes the certificate itself:

> "Delinquency" means the sum of all taxes and municipal charges due on a given parcel of property covering any number of quarters or years. The property shall remain delinquent, as defined herein, until such time as all unpaid taxes, including subsequent taxes and liens, together with interest thereon shall have been fully paid and satisfied. The delinquency shall remain notwithstanding the issuance of a certificate of sale.
>
> N.J.S. 54:4-67(c) in pertinent part, emphasis added.

The import of the 1994 amendment which redefined delinquency to include all taxes and municipal charges covering "any number of quarters or years" was intended to clarify the means of calculating interest and to disapprove of Millburn v. Block 1208 lot 2, 189 N.J.Super. 523, 527 (Ch.Div. 1983) where the trial court did not agree with the municipality's position that the statute "contemplate[d] a single delinquency" but covered each year. Pa15-16. The 1994 amendment makes it crystal clear that there is but one delinquency, "the delinquency", and that interest accrues on this one delinquency irrespective of "any number of quarters or years" and regardless of the existence of a certificate of sale. If the certificate exceeds the $1,500.00 threshold, any subsequent taxes are entitled to 18% interest as would apply for a municipal certificate holder.

The most recent case discussing the issue of interest rates, Crusader Servicing Corp. v. City of Wildwood, 321 N.J.Super. 456, (L.Div. 2001), cited with approval by the Appellant, Db17, confirms that the 18% interest applies to all amounts for all taxing periods and is not limited to each taxing year:

N.J.S. 54:4-67 and N.J.S. 54:5-60 control the interest rate for the subsequent payment of taxes by the certificate bolder; that interest rate has a ceiling of 8% on any delinquency under $1500, and 18% on all sums over that amount and the municipality must set that rate by resolution. *** The computation pursuant to N.J.S. 54:4-67(c) is computed on all amounts past due for all taxing periods. This statutory rate of interest is substantial, but not without a purpose. It is designed to discourage the taxpayer from utilizing the municipality as a source of short-term low interest loans.

Id. at 462, emphasis added.

With regard to In re Curry, 493 B.R. 447 (2013), it is respectfully submitted that the debtor's reliance on the language in that decision is incorrect as the decision does not provide guidance on whether or not the 8% versus 18% interest rate on the first $1,500.00 relates to the entire lien or "resets" annually. The Curry opinion clearly states that "the rate cannot exceed 8% on the first $1,500.00 and an 18% statutory interest rate applies to delinquencies in excess of the first $1,500.00." Id. At pg 452. The Court in Curry also found that "the amount of interest to be charged must be determined by applicable non-bankruptcy law. Id. As is indicated above, it is respectfully submitted that creditor D-1 Softball's proof of claim was properly calculated under applicable non-bankruptcy law.

        Respectfully submitted,

        LAW FIRM OF BRIAN W. HOFMEISTER, LLC
        Attorneys for D1 Softball, LLC and
        Robert Del Vecchio, LLC

By:   /s/Brian W. Hofmeister
      Brian W. Hofmeister

BWH/aw