Columbus | Cincinnati | Cleveland | New Jersey | New York 

*Javier L. Merino, Esq.**

| 201-355-3440 | JMerino@DannLaw.com | 216-373-0536 |
| Direct Telephone | Email | Fax |

April 25, 2022

<u>Via ECF</u>
Honorable John K. Sherwood
United States Bankruptcy Court
For the District of New Jersey
50 Walnut Street, 3rd Floor
Newark, NJ 07102
Courtroom 3D

   Re: Michael Charles Bessette
      Chapter 13, Case No. 19-13683-JKS

Dear Judge Sherwood:

  We represent the Debtor in the above-referenced matter. Please accept this sur-reply letter brief in further support of the Debtor's objection to D1 Softball, LLC's Proof of Claim. At issue is whether <u>N.J.S.A.</u> § 54:4-67 contemplates a single delinquency or whether the 8% annual interest ceiling in the statute applies to the first $1,500.00 of each yearly installment. For the reasons set forth below, each year must be treated separately for the purposes of <u>N.J.S.A.</u> § 54:4-67, and therefore, the first $1,500.00 of delinquent taxes in each year is subject to the 8% annual interest rate.

  The amount of interest to be charged is determined by applicable non-bankruptcy law. <u>See</u> 11 U.S.C. § 511(a). <u>N.J.S.A.</u> § 54:4-67(a) governs interest rates on tax sale certificates and states in pertinent part:

> The rate so fixed shall not exceed 8% per annum on the first $1,500.00 of the delinquency and 18% per annum on any amount in excess of $1,500.00, to be calculated from the date the tax was payable until the date that actual payment to the tax collector is made.

<u>N.J.S.A.</u> § 54:4-67(a). Meanwhile, "delinquency" is defined as:

NJ Address
1510 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902

DannLaw.com
877-475-8100
*Licensed in NJ and NY

NY Address
42 Broadway, 12th Floor
New York, NY 10007
**By Appointment Only**

> The sum of all taxes and municipal charges due on a given parcel of property covering any number of quarters or years. The property shall remain delinquent, as defined herein, until such time as all unpaid taxes, including subsequent taxes and liens, together with interest thereon shall have been fully paid and satisfied. The delinquency shall remain notwithstanding the issuance of a certificate of sale pursuant to R.S. 54:5-32 and R.S. 54:5-46, the payment of delinquent tax by the purchaser of the total property tax levy pursuant to section 16 of P.L. 1997, c. 99 (C. 54:5-113.5) and for the purpose of satisfying the requirements for filing any tax appeal with the county board of taxation or the State tax court.

N.J.S.A. § 54:4-67.

A reading of the statute concludes that the delinquency should be calculated on an annual basis. Taxes become a lien upon real property as of January 1 of each year. N.J.S.A. 54:5-6. Rates of taxation are fixed annually by the county boards of taxation for local school and county purposes. N.J.S.A. 54:4-39 to 42; N.J.S.A. 54:4-48 and 49; N.J.S.A. 54:4-55. The assessor of each municipality is required to assess real property within his taxing district on an annual basis. N.J.S.A. 54:4-23. Each year's assessment of taxes takes priority over assessments for prior years and a tax sale destroys the lien of prior years' taxes. Harrington Co. v. Walker, 105 N.J.Eq. 172 (Ch.1929). Each annual assessment is a separate entity, distinct from the assessment for any prior or subsequent year. Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157 (1949); Aetna Life Ins. Co. v. Newark, 10 N.J. 99 (1952). Delinquent taxes and interest thereon are a single tax debt for each year. State v. Erie R.R. Co., 23 N.J.Misc. 203 (Sup.Ct.1945). Other courts faced with the same question have consistently reached the same conclusion. See Milltown Indus. Sites v. Milltown Borough, 12 N.J. Tax 581, 585 (1992) ("It is clear that taxes and interest merge to form a single tax debt for each tax year."); In re Isley, 104 B.R. 673, 680 (Bankr. D.N.J. 1989) ("This 8% cap on the first $ 1500 applies to the first $ 1500 due each year.")

D1 Softball cites to Crusader Servicing Corp v. City of Wildwood in support of its argument that N.J.S.A. 54:4-67 should be read to create a single delinquency that precludes application of the

8% interest rate to the first $1,500 of delinquency in subsequent years.[1] However, that decision is inapposite here. In Crusader Servicing Corp, the court was required to determine the amount of the reimbursement to Crusader Servicing Corp. ("Crusader") after it was determined that the City of Wildwood sold an invalid tax sale certificate. Crusader had not only purchased the tax sale certificate but had also paid three subsequent years of taxes before it was determined that the tax sale certificate should not have been sold. Crusader Servicing Corp. v. City of Wildwood, 345 N.J. Super. 456, 785 A.2d 484 (Law Div. 2001). The tax collector acknowledged the error and proposed to reimburse Crusader with interest at the legal rate. *Id.* at 459. Crusader disagreed, arguing in particular that the real estate taxes and fees it paid after purchase of the certificate should be paid at the rate set forth in N.J.S.A. 54:4-67 (8% on the first $1,500 and 18% thereafter) *Id.* The court also reviewed various provisions of the tax statute and found Crusader to be entitled to reimbursement at the statutory rate requested by Crusader. *Id.* Importantly, the court never decided whether the delinquency should apply on an annual basis. Thus, that court's holding is inapplicable here.

In D1 Softball's letter brief, it attacks Debtor's reliance on this Court's decision in In re Curry. However, D1 Softball's attack is misguided and wholly misses the mark. Notably, D1 Softball cites to the *wrong* opinion in its analysis. D1 Softball's brief cites to the In re Curry, 493 B.R. 447 (Bankr. D.N.J. 2013) and argues that it does not provide guidance on this interest rate debate. However, Debtor's original moving papers cited to In re Curry, No. 12-26201, 2013 Bankr. Lexis 4169 (Bankr. D.N.J. Oct. 2, 2013), a different case which stands on all fours with this matter.[2] In the

---

[1] D1 Softball incorrectly claims this 2001 case is the "most recent case" concerning this issue. As set forth in further detail, *infra*, this court confronted this exact same issue in 2013 in In re Curry.

[2] Even though this is an unpublished opinion, its holding was cited with approval in a later published opinion by this Court. See In re Blackpool Inv'rs Grp., Ltd, 509 B.R. 470, 488 n.4 (Bankr. D.N.J. 2014).

latter In re Curry opinion, this Court undertook a careful analysis as to whether N.J.S.A. § 54:4-67 creates a single delinquency and determined:

> Read as a whole, subsection (a) addresses payment, interest rate and delinquency as applying to particular tax years. Unquestionably the definition of delinquency in N.J.S.A. 54:4-67(c) is very broad, but it is best read simply as clarifying that a delinquency for multiple installments or years is not satisfied by payment of only a portion of the taxes and charges that are past due. It should not be read to create a single delinquency that precludes application of the 8% interest rate to the first $1,500 of delinquency in subsequent years.

In re Curry, 2013 Bankr. LEXIS at *6. The same conclusion must be reached here. Thus, the first $1,500.00 in taxes D1 Softball paid each during 2018 and 2019 must be calculated at an 8% interest rate, the Amortized Interest calculated D1 Softball's Proof of Claim must be reduced from $2,996.67 to $2,265.56, and the overall Proof of Claim must be reduced from $16,692.53 to $15,961.42.

Respectfully submitted,

DANNLAW

Javier L. Merino, Esq.

Cc:   All parties of record (via ECF)