**Order Filed on May 5, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**MICHAEL CHARLES BESSETTE,**<br><br>Debtor. | Case No.:     19-13683<br><br>Hearing Date: April 14, 2022<br><br>Judge:        Sherwood |

**DECISION AND ORDER RE: DEBTOR'S OBJECTION
TO D1 SOFTBALL, LLC'S CLAIM.**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

DATED: May 5, 2022

_/s/ John K. Sherwood_
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:        **Michael Charles Bessette**
Case No.:      19-13683
Caption of Order:  **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

## PRELIMINARY STATEMENT

D1 Softball, LLC ("D1 Softball") filed a claim in this case for $16,692.53 based on a tax sale certificate encumbering the Debtor's principal residence. The Debtor objects to D1 Softball's claim because it believes D1 Softball miscalculated the interest owed on the Debtor's delinquent taxes under N.J. Stat. 54:4-67. Because D1 Softball's calculation of interest complies with N.J. Stat. 54:4-67, the Court will allow D1 Softball's claim as filed.

## BACKGROUND AND PROCEDURAL HISTORY

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 22, 2019.[1] On February 2, 2022, D1 Softball filed a proof of claim for $16,692.53 based on a tax sale certificate encumbering the Debtor's residence located at 416 Cedar Street, Paramus, New Jersey.[2] D1 Softball filed a lien redemption worksheet prepared by the Borough of Paramus that reflects an interest rate of 18% per annum on all subsequent taxes paid by D1 Softball.[3]

Debtor objected to D1 Softball's claim asserting that the interest owed was not calculated in accordance with N.J. Stat. 54:4-67.[4] Debtor claims that each tax year is treated separately under N.J. Stat. 54:4-67. So, according to the Debtor, the first $1,500 of each year's tax delinquency accrues interest at a rate of only 8% per annum and D1 Softball's claim should be reduced accordingly.

---

[1] ECF No. 1.
[2] Claim No. 11-1. Although D1 Softball's claim was filed well after the claims bar date, the Court granted the Debtor's motion to allow the late proof of claim on the record on January 13, 2022 and memorialized its decision in an order entered on January 21, 2022. *See* ECF No. 60.
[3] ECF No. 76, Exhibit B.
[4] ECF No. 72. Debtor also argued that D1 Softball overstated the face value of the tax sale certificate by $100. However, the Debtor conceded this point on the record because the $100 excess accounted for the cost of sale and can be included in D1 Softball's claim.

Page 3
Debtor:   **Michael Charles Bessette**
Case No.:   19-13683
Caption of Order:   **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

D1 Softball filed opposition to Debtor's objection maintaining its position.[5] Debtor filed a response to D1 Softball's opposition.[6] The Court heard oral argument on April 14, 2022, reserved decision, and directed the parties to file supplemental papers. Both the Debtor and D1 Softball filed supplemental papers.[7]

## JURISDICTION

This Court has jurisdiction over this motion and cross motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## LEGAL ANALYSIS

Under § 511 of the Bankruptcy Code, the rate of interest on a tax claim is determined by applicable nonbankruptcy law. Here, the applicable law is N.J. Stat. 54:4-67, which governs the rate of interest charged on delinquent property taxes in New Jersey. The relevant language of N.J. Stat. 54:4-67(a) provides:

> The governing body may also fix the rate of interest to be charged for the nonpayment of taxes, assessments, or other municipal liens or charges, unless otherwise provided by law, on or before the date when they would become delinquent, and may provide that no interest shall be charged if payment of any installment is made within the tenth calendar day following the date upon which the same became payable. ***The rate so fixed shall not exceed 8% per annum on the first $1,500.00 of the delinquency and 18% per annum on any amount in excess of $1,500.00, to be calculated from the date the tax was payable until the date that actual payment to the tax collector is made***.[8]

---

[5] ECF No. 76.
[6] ECF No. 80.
[7] ECF Nos. 87 and 89.
[8] N.J. Stat. 54:4-67 (2020) (emphasis added).

Case 19-13683-JKS    Doc 90    Filed 05/05/22    Entered 05/05/22 09:05:55    Desc Main
Document    Page 4 of 5

Page 4
Debtor:           **Michael Charles Bessette**
Case No.:         19-13683
Caption of Order: **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

The New Jersey legislature did not mince words. The first $1,500 of the "delinquency" accrues interest at a rate of 8% per annum. Any amount of the "delinquency" above $1,500 accrues interest at a rate of 18% per annum. The question is whether the N.J. Stat. 54:4-67 contemplates a single delinquency for the entire amount owed or separate delinquencies for each year individually. If the statute refers to a single delinquency, only the first $1,500 of the full amount of unpaid taxes for all years involved is subject to the 8% cap. Conversely, if each tax year is treated as a separate "delinquency," the 8% cap applies to the first $1,500 of unpaid taxes in each year.

*Twp. of Millburn v. Block 1208, Lot 2* appears to be directly on point.[9] In that case, the plaintiff argued that N.J. State. 54:4-67 contemplates a single delinquency, where only the first $1,000 (now $1,500) of the total delinquency accrues interest at 8% per annum. The Court rejected plaintiff's position, holding that each tax year is treated separately under N.J. Stat. 54:4-67. Therefore, the first $1,000 of unpaid taxes *in each year* was subject to the 8% ceiling.[10]

But, the court in *Twp. of Millburn v. Block 1208, Lot 2* was interpreting an earlier version of N.J. Stat. 54:4-67. On March 28, 1991, the New Jersey legislature amended N.J. Stat. 54:4-67 to include the definition of "delinquency."[11] The definition reads as follows:

> "Delinquency" means **the sum of all taxes** and municipal charges due on a given parcel of property **covering any number of quarters or years**. The governing body may also fix a penalty to be charged to a taxpayer with a delinquency in excess of

---

[9] 461 A.2d 163 (N.J. Super. Ch. 1983). In support of his position, the Debtor cites *In re Curry*, No. 12-26201, ECF No. 45, 2013 WL 5493415 (Bankr. D.N.J. Oct 2. 2013). In that case, the court relied heavily on *Twp. of Millburn v. Block 1208, Lot 2* and held that the 8% cap imposed by N.J. Stat. 54:4-67 applies separately to each year.
[10] *See also Matter of Iseley*, 104 B.R. 673, 680 (Bankr. D.N.J. 1989) (*citing Twp. of Millburn v. Block 1208, Lot 2*, 461 A.2d at 165) ("This 8% cap on the first $1500 applies to the first $1500 due *each year*").
[11] 1991 N.J. ALS 75, 1991 N.J. Laws 75, 1991 N.J. A.N. 4425 (codified as amended N.J. Stat. 54:4-67 (1991)).

Page 5
Debtor: **Michael Charles Bessette**
Case No.: 19-13683
Caption of Order: **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

$10,000 who fails to pay that delinquency prior to the end of the calendar year. The penalty so fixed shall not exceed 6% of the amount of the delinquency.[12]

The addition of the definition of "delinquency" to include "all taxes… covering any number of quarters or years" in the 1991 amendment appears to be an expression of legislative disapproval of *Twp. of Millburn v. Block 1208, Lot 2*. Upon reading the plain language of the statute, this Court finds that N.J. Stat. 54:4-67 contemplates a single delinquency for all years involved and, therefore, the 8% interest rate cap only applies to the first $1,500 of the full amount of unpaid taxes.

The Court distinguishes *Twp. of Millburn v. Block 1208, Lot* 2 because it interprets an earlier version of N.J. Stat. 54:4-67 that has since been amended. Furthermore, the Court notes that this decision is consistent with the redemption worksheet prepared by the tax collector in the Borough of Paramus, who makes this type of calculation on a routine basis.

**THEREFORE, IT IS ORDERED**:

1. D1 Softball's claim is allowed in the amount of $16,692.53.

---

[12] N.J. Stat. 54:4-67 (1991). N.J. Stat 54:4-67 has since been amended, but the operative language in the definition of "delinquency" remains the same.