Order Filed on May 5, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**MICHAEL CHARLES BESSETTE,**<br><br>Debtor. | Case No.: 19-13683<br><br>Hearing Date: April 14, 2022<br><br>Judge: Sherwood |

**DECISION AND ORDER RE: DEBTOR'S OBJECTION
TO D1 SOFTBALL, LLC'S CLAIM.**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: May 5, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:         **Michael Charles Bessette**
Case No.:       19-13683
Caption of Order:  **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

## **PRELIMINARY STATEMENT**

D1 Softball, LLC ("D1 Softball") filed a claim in this case for $16,692.53 based on a tax sale certificate encumbering the Debtor's principal residence. The Debtor objects to D1 Softball's claim because it believes D1 Softball miscalculated the interest owed on the Debtor's delinquent taxes under N.J. Stat. 54:4-67. Because D1 Softball's calculation of interest complies with N.J. Stat. 54:4-67, the Court will allow D1 Softball's claim as filed.

## **BACKGROUND AND PROCEDURAL HISTORY**

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 22, 2019.[1] On February 2, 2022, D1 Softball filed a proof of claim for $16,692.53 based on a tax sale certificate encumbering the Debtor's residence located at 416 Cedar Street, Paramus, New Jersey.[2] D1 Softball filed a lien redemption worksheet prepared by the Borough of Paramus that reflects an interest rate of 18% per annum on all subsequent taxes paid by D1 Softball.[3]

Debtor objected to D1 Softball's claim asserting that the interest owed was not calculated in accordance with N.J. Stat. 54:4-67.[4] Debtor claims that each tax year is treated separately under N.J. Stat. 54:4-67. So, according to the Debtor, the first $1,500 of each year's tax delinquency accrues interest at a rate of only 8% per annum and D1 Softball's claim should be reduced accordingly.

---

[1] ECF No. 1.
[2] Claim No. 11-1. Although D1 Softball's claim was filed well after the claims bar date, the Court granted the Debtor's motion to allow the late proof of claim on the record on January 13, 2022 and memorialized its decision in an order entered on January 21, 2022. *See* ECF No. 60.
[3] ECF No. 76, Exhibit B.
[4] ECF No. 72. Debtor also argued that D1 Softball overstated the face value of the tax sale certificate by $100. However, the Debtor conceded this point on the record because the $100 excess accounted for the cost of sale and can be included in D1 Softball's claim.

Page 3
Debtor:            **Michael Charles Bessette**
Case No.:          19-13683
Caption of Order:  **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

D1 Softball filed opposition to Debtor's objection maintaining its position.[5] Debtor filed a response to D1 Softball's opposition.[6] The Court heard oral argument on April 14, 2022, reserved decision, and directed the parties to file supplemental papers. Both the Debtor and D1 Softball filed supplemental papers.[7]

## JURISDICTION

This Court has jurisdiction over this motion and cross motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## LEGAL ANALYSIS

Under § 511 of the Bankruptcy Code, the rate of interest on a tax claim is determined by applicable nonbankruptcy law. Here, the applicable law is N.J. Stat. 54:4-67, which governs the rate of interest charged on delinquent property taxes in New Jersey. The relevant language of N.J. Stat. 54:4-67(a) provides:

> The governing body may also fix the rate of interest to be charged for the nonpayment of taxes, assessments, or other municipal liens or charges, unless otherwise provided by law, on or before the date when they would become delinquent, and may provide that no interest shall be charged if payment of any installment is made within the tenth calendar day following the date upon which the same became payable. ***The rate so fixed shall not exceed 8% per annum on the first $1,500.00 of the delinquency and 18% per annum on any amount in excess of $1,500.00, to be calculated from the date the tax was payable until the date that actual payment to the tax collector is made***.[8]

---

[5] ECF No. 76.
[6] ECF No. 80.
[7] ECF Nos. 87 and 89.
[8] N.J. Stat. 54:4-67 (2020) (emphasis added).

3

Page 4
Debtor:          **Michael Charles Bessette**
Case No.:        19-13683
Caption of Order: **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

The New Jersey legislature did not mince words. The first $1,500 of the "delinquency" accrues interest at a rate of 8% per annum. Any amount of the "delinquency" above $1,500 accrues interest at a rate of 18% per annum. The question is whether the N.J. Stat. 54:4-67 contemplates a single delinquency for the entire amount owed or separate delinquencies for each year individually. If the statute refers to a single delinquency, only the first $1,500 of the full amount of unpaid taxes for all years involved is subject to the 8% cap. Conversely, if each tax year is treated as a separate "delinquency," the 8% cap applies to the first $1,500 of unpaid taxes in each year.

*Twp. of Millburn v. Block 1208, Lot 2* appears to be directly on point.[9] In that case, the plaintiff argued that N.J. State. 54:4-67 contemplates a single delinquency, where only the first $1,000 (now $1,500) of the total delinquency accrues interest at 8% per annum. The Court rejected plaintiff's position, holding that each tax year is treated separately under N.J. Stat. 54:4-67. Therefore, the first $1,000 of unpaid taxes *in each year* was subject to the 8% ceiling.[10]

But, the court in *Twp. of Millburn v. Block 1208, Lot 2* was interpreting an earlier version of N.J. Stat. 54:4-67. On March 28, 1991, the New Jersey legislature amended N.J. Stat. 54:4-67 to include the definition of "delinquency."[11] The definition reads as follows:

> "Delinquency" means **the sum of all taxes** and municipal charges due on a given parcel of property **covering any number of quarters or years**. The governing body may also fix a penalty to be charged to a taxpayer with a delinquency in excess of

---

[9] 461 A.2d 163 (N.J. Super. Ch. 1983). In support of his position, the Debtor cites *In re Curry*, No. 12-26201, ECF No. 45, 2013 WL 5493415 (Bankr. D.N.J. Oct 2. 2013). In that case, the court relied heavily on *Twp. of Millburn v. Block 1208, Lot 2* and held that the 8% cap imposed by N.J. Stat. 54:4-67 applies separately to each year.
[10] *See also Matter of Iseley*, 104 B.R. 673, 680 (Bankr. D.N.J. 1989) (*citing Twp. of Millburn v. Block 1208, Lot 2*, 461 A.2d at 165) ("This 8% cap on the first $1500 applies to the first $1500 due *each year*").
[11] 1991 N.J. ALS 75, 1991 N.J. Laws 75, 1991 N.J. A.N. 4425 (codified as amended N.J. Stat. 54:4-67 (1991)).

Case 19-13683-JKS    Doc 91    Filed 05/07/22    Entered 05/08/22 00:13:02    Desc Imaged
                              Certificate of Notice    Page 5 of 7
Page 5
Debtor:            **Michael Charles Bessette**
Case No.:          19-13683
Caption of Order:  **DECISION AND ORDER RE: DEBTOR'S OBJECTION TO D1 SOFTBALL, LLC'S CLAIM**

$10,000 who fails to pay that delinquency prior to the end of the calendar year. The penalty so fixed shall not exceed 6% of the amount of the delinquency.[12]

The addition of the definition of "delinquency" to include "all taxes… covering any number of quarters or years" in the 1991 amendment appears to be an expression of legislative disapproval of *Twp. of Millburn v. Block 1208, Lot 2*. Upon reading the plain language of the statute, this Court finds that N.J. Stat. 54:4-67 contemplates a single delinquency for all years involved and, therefore, the 8% interest rate cap only applies to the first $1,500 of the full amount of unpaid taxes.

The Court distinguishes *Twp. of Millburn v. Block 1208, Lot* 2 because it interprets an earlier version of N.J. Stat. 54:4-67 that has since been amended. Furthermore, the Court notes that this decision is consistent with the redemption worksheet prepared by the tax collector in the Borough of Paramus, who makes this type of calculation on a routine basis.

**THEREFORE, IT IS ORDERED**:

1. D1 Softball's claim is allowed in the amount of $16,692.53.

---

[12] N.J. Stat. 54:4-67 (1991). N.J. Stat 54:4-67 has since been amended, but the operative language in the definition of "delinquency" remains the same.

United States Bankruptcy Court

District of New Jersey

In re:  
Michael Charles Bessette  
    Debtor

Case No. 19-13683-JKS  
Chapter 13

# CERTIFICATE OF NOTICE

| District/off: 0312-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 05, 2022 | Form ID: pdf903 | Total Noticed: 2 |

The following symbols are used throughout this certificate:  
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 07, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Michael Charles Bessette, 416 Cedar Avenue, Paramus, NJ 07652-5708 |
| aty | + DannLaw, 1520 US Highway 130, Suite 101, North Brunswick, NJ 08902-3145 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 07, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 5, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian W. Hofmeister | on behalf of Interested Party Robert Del Vecchio  LLC bwh@hofmeisterfirm.com, j119@ecfcbis.com |
| Brian W. Hofmeister | on behalf of Creditor D1 Softball  LLC bwh@hofmeisterfirm.com, j119@ecfcbis.com |
| Brian W. Hofmeister | on behalf of Defendant Robert A. Del Vecchio  LLC bwh@hofmeisterfirm.com, j119@ecfcbis.com |
| Brian W. Hofmeister | on behalf of Defendant D1 Softball  LLC bwh@hofmeisterfirm.com, j119@ecfcbis.com |
| Denise E. Carlon | on behalf of Creditor Toyota Motor Credit Corporation dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Javier L. Merino | on behalf of Plaintiff Michael Charles Bessette jmerino@dannlaw.com |

| | |
|---|---|
| District/off: 0312-2 | User: admin | Page 2 of 2 |
| Date Rcvd: May 05, 2022 | Form ID: pdf903 | Total Noticed: 2 |

notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;9497659420@filings.docketbird.com;Amy@DannLaw.com

Javier L. Merino
    on behalf of Debtor Michael Charles Bessette jmerino@dannlaw.com
    notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;9497659420@filings.docketbird.com;Amy@DannLaw.com

John R. Morton, Jr.
    on behalf of Creditor Santander Consumer USA Inc. ecfmail@mortoncraig.com mortoncraigecf@gmail.com

Kevin Gordon McDonald
    on behalf of Creditor Toyota Motor Credit Corporation kmcdonald@kmllawgroup.com bkgroup@kmllawgroup.com

Marie-Ann Greenberg
    magecf@magtrustee.com

Melissa N. Licker
    on behalf of Creditor JPMORGAN CHASE BANK  NATIONAL ASSOCIATION mlicker@hillwallack.com,
    HWBKnewyork@ecf.courtdrive.com

Melissa N. Licker
    on behalf of Creditor JPMorgan Chase Bank  National Association mlicker@hillwallack.com,
    HWBKnewyork@ecf.courtdrive.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 13